LEWIS TUMLIN, plaintiff in error, vs. DAVID QUARLES, defendant in error.

Quarles sued Tumlin, and D. House, and F. H. House, on a note made by Tumlin, and payable to D. House, and by him endorsed to F. H. House, and, by him, to Quarles—the note not containing words of negotiability.

*Held,* That Quarles might amend his declaration, by striking out the two Houses, as defendants, and making D. House a plaintiff suing for his, Quarles' use.

Complaint, in Cass Superior Court. Tried before Judge TRIPPE, at March Term, 1858.

The facts of this case are sufficiently stated in the opinion of the Court.

MILNER & PARROTT, for plaintiff in error.

WOFFORD & CRAWFORD, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

David Quarles sued Lewis Tumlin, Davis House, and Felix W. House, on a note, and the endorsements thereon, of which note and endorsements, the following are copies:

" $200.    Two months after date, I promise to pay Davis House, two hundred dollars, for value received. This 5th August, 1856.

LEWIS TUMLIN."

" I assign over the within note to F. W. House, for value received. This 8th day of September, 1856.

DAVIS HOUSE."

" I assign the within note over, to David Quarles, for value received. This 9th day of September, 1856.

FELIX W. HOUSE."

On the trial, the reading of the note and endorsements was objected to, on the ground, that an action against the maker of the note, could be maintained, only, in the name of the payee; and the objection was sustained by the Court.

Thereupon, the counsel for Quarles, the plaintiff, moved to amend the declaration, by striking out the names of the endorsers of the note, and inserting the name of the first endorser, Davis House, the payee of the note, as plaintiff suing for the use of him, Quarles. Which motion was objected to, by the counsel for Tumlin, but was sustained by the Court. And to that decision, Tumlin excepted.

We think, that the Court was right in allowing the amendment. The amendment produced no change in the cause of action, or, in the rights of the parties. Before the amendment, Quarles was the only party plaintiff; after the amendment, he was still the *substantial* party plaintiff—the action being, even then, for his use. And the cause of action itself, was still the note.

The two Houses could, in no event, be liable to Tumlin. So, striking them out, as defendants, could not prejudice any right of his.

And the Act of 1854, allows parties, to "amend their pleadings in all respects, whether in matters of form or matters of substance." *Acts*, 48.

Judgment affirmed.