## ADAMS *et al. vs.* BARLOW.

1. A deed of gift set out that the grantor did " by these presents give, grant, bargain and sell unto Mary Janet Adams, my true and lawful wife, and her children, and such other children as she may hereafter have, under the qualifications, limitations and conditions hereinafter specified " (certain land described). " I am to hold the land during my life as trustee for said Mary J. and children, for their use and benefit," with power in him to sell, rent or dispose of the property for their benefit; it also provided that whichever should survive—himself or wife—should act as trustee, and with power in the survivor to appoint a trustee to manage the trust after his or her death until the youngest child should reach fifteen years of age, when a division was to be made :
*Held,* that the title to the property conveyed by the deed was in the grantor as trustee for his wife and children.
2. A suit brought by the beneficiaries of a trust deed could be amended by inserting the name of the trustee as suing for the use of such beneficiaries.
(*a.*) This case is distinguished from 63 *Ga.,* 679; 61 *Id.,* 161, and Code, §3480.

October 3, 1882.

Trusts. Amendment. Parties. Before Judge CRISP. Sumter Superior Court. April Term, 1882.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiffs in error.

GUERRY & SON, for defendant.

CRAWFORD, Justice.

Mary J. Adams, wife of Asbury A. Adams, in her own name and those of her children, brought suit in an action of complaint for land, in the statutory form, against Elizabeth Barlow, to recover a certain described lot in the city of Americus. To support their title, she offered in evidence the following deed:

" GEORGIA—Sumter County:

Know all men by these presents, that I, Asbury A. Adams, of said county, for and in consideration of the sum of ten dollars, as well as for the natural affection of a husband to a faithful wife, do by these presents give, grant, bargain and sell unto Mary Janet Adams, my true and lawful wife, and her children, and such other children as she may hereafter have, under the qualifications, limitations and conditions hereinafter specified, the following property, to-wit: The house and premises where I now reside, in the city of Americus, in said county, bounded on the north by the Danville road, or street leading by the Methodist parsonage, east by Col. W. A. Maxwell's place, south by the street running north of T. M. Furlow's place, and west by street running from first mentioned to last mentioned street, to have and to hold the said premises unto her, the said Mary J. and children, and their heirs forever, under qualifications, limitations and conditions following: I am to hold the premises during my life as trustee for the said Mary J. and children, for their use and benefit, with power to sell, rent, or otherwise dispose of the same for their benefit, with the consent and approbation of said wife, and to reinvest, and invest the proceeds of any sale or rent for their said benefit. In the event of my decease before my said wife, she to have either control and disposition of the said property for her own use and that of her children, acting as trustee, with the same powers possessed by me, with her consent, during my life. Should I survive her, then I shall be controlled by my own discretion as trustee, looking always to the interest of the said children. In case of the death of both of us, the last survivor shall appoint a trustee, who shall manage the said property to the best advantage and interest of said children until the last shall arrive at the age of fifteen, then to be divided between them equally; to the property above conveyed I hereby add all the furniture now in said premises, both household and kitchen.

In testimony of the foregoing I have hereunto set my hand and affixed my seal, the twelfth day of August, 1868.

(Signed)                              ASBURY A. ADAMS, (SEAL.)"

Signed, sealed and presence of—

(Signed)        J. J. GRANBERRY,  ⎫
                  M. SPEER,                  ⎬
WM. H. BREWER, J. P.                ⎭

Possession in themselves and A. A. Adams was next shown, from 1859 up to and at the date of the foregoing deed; and then that Elizabeth Barlow went into possession in the spring of 1874, and was in possession at the

time of the trial.   After proving the value of the rents, the plaintiffs closed, when counsel for defence moved a non-suit upon the ground that the legal title to the premises was in A. A. Adams as trustee, and, therefore, they could not maintain the action.   To meet this objection, counsel for the plaintiffs moved to amend the declaration by adding the name of " A. A. Adams, trustee," which the court disallowed.   He then moved to amend by inserting therein, and adding thereto after the name of Mary J. Adams, the words, " who sues for the use of A. A. Adams, trustee," which amendment the court also refused.   Counsel offered further to amend by inserting the name of " A. A. Adams, who sues for the use of his wife and children," which last amendment the court likewise refused to allow.

After the rejection of these proposed amendments, the question recurred on the motion for a non-suit, which was awarded by the court, and to all of which rulings the plaintiffs excepted.

1. It is insisted by counsel for the plaintiffs in error that the legal title to the property in dispute is in the wife and children under the deed, and that they had the right to maintain the action in their own names.   To this construction we cannot consent; for although the words " give, grant, bargain and sell unto Mary J. Adams," etc., are used, yet they are followed by the words, " under the qualifications, limitations and conditions hereinafter specified;" and these are that he is "to hold the premises during my (his) life, as trustee for the said Mary J. and children, for their use and benefit, with power to sell, rent or otherwise dispose of the same, with the consent and approbation of said wife."   There are still further qualifications and limitations which strengthen the view we have taken of this deed, and fix the legal title in Adams as trustee for his wife and children and not in them.

2. The next complaint of error arises on the several amendments offered, and rejected by the judge, all of

which resolve themselves into the question, of whether in an action of this sort Adams, the trustee, should have been made a party plaintiff.

The counsel for defendant in error earnestly insisted that the amendment in either of the forms proposed would have been adding a new party and a new cause of action, and was, therefore, contrary to law. He strongly relied upon section 3480 of the Code, in which it is declared that no amendment adding a new and distinct cause of action or new and distinct parties shall be allowed. In further support of his position, he stressed the case of *Jones et al, vs. Watson,* 63 *Ga.,* 679.

The facts in that case were, that the indebtedness sued on was owing to the " Southwestern Baptist Association," whilst the suit was brought in the names of Jones *et al.,* alleging that they were the " executive. board of the association." This was held bad on demurrer, and a motion was made to amend by adding the words, " who sue for the use of the association." This was also held insufficient, as it still vested the title in the board, when it was evident that it was in the association. It is clear, therefore, so far as that case is concerned, that the addition of the words, " who sue for the use of the association," would have still left the legal title in the amended, just where it was in the original declaration, and would not have changed the case in the slightest degree. Had the original suit, or the amendment either, shown ownership in the executive board, without the remedy of suit in their own names, and, therefore, it became necessary to amend by inserting the name of the Baptist association suing for them as usees that would have made a different case and a different ruling.

An examination of the case of *Gill vs. Tison et al.,* 61 *Ga.,* 161, also referred to, will show that it does not support the position taken in the case at bar. Whilst I was very strongly inclined to hold with the judge below in rejecting the amendments, a review of the decisions of

this court, and the sections of the Code bearing upon it, has made it clear to my mind that his ruling was wrong, and that the amendment making "Adams, trustee," a party plaintiff should have been allowed. The cases are numerous wherein nominal plaintiffs have been stricken and the usees substituted, and where the usees have been stricken when it was necessary to be done. Thus, too, in suits by and against parties in their representative character, when necessary. And it will be seen that in the case of *Hayne et al. vs. Perry to use, etc.*, 25 *Ga.*, 400, decided before the Code, that where the indorsees of a non-negotiable note brought suit in their own names, and a motion was made to amend by adding the name of "Joseph M. Perry, who sues for the use of," etc., that the same was allowed by the court. Upon exceptions taken to this court upon the ground that the amendment substituted a new party plaintiff, the judgment of the court below was affirmed.

Another case reported in the 26 *Ga.*, 395, will show that a note made by Lewis Tumlin, and payable only to Davis House, was by him indorsed to F. W. House, and by him to David Quarles, who brought suit thereon in his own name against all three of the parties. At the trial term it was objected that Quarles could not maintain the action in his own name, whereupon plaintiff's counsel moved to amend by striking the names of both indorsers, and inserting the name of Davis House, the first indorser and payee of the note as plaintiff, suing for the use of Quarles, which amendment the court allowed. Upon review, this court held that the amendment was properly allowed because the amendment produced no change in the cause of action or in the rights of the parties.

If such changes by amendment were allowable before the Code, it must be clear that under §3486, that which was moved in this case should have been allowed. That section provides as follows: "Where several plaintiffs sue jointly, the declaration may be amended by striking out

the name of one or more of such plaintiffs. And when it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use." This section was doubtless a codification of the law pronounced in the decisions cited, but whether it be so or not, it has been construed by this court in the case of *Winter vs. Matthews, Burke & Cameron*, 41 *Ga.*, 652. Matthews, Burke & Cameron sued Winter; after the case had gone to the jury, and the plaintiffs' counsel had made the opening argument, and the defendant's counsel was replying, a motion was made to amend the declaration by inserting the name of Brocket, who sues for the use of Matthews, Burke & Cameron, which amendment was allowed by the court, and made a ground of exception to be passed on by this court. It was held that such an amendment was legal, and the section of the Code which we have been considering was cited as authority therefor.

Again, in the case of the *Ætna Insurance Company vs. Sparks*, 62 *Ga.*, 193, it was held that if an original suit had been brought in the name of Bridget Ennis, it could have been amended by inserting the name of Mary Sparks for the use of Bridget Ennis, and this same section cited as authority.

In the case with which we are now dealing, the action was brought in the names of several plaintiffs, and it became necessary to enforce their rights, that A. A. Adams, trustee, etc., suing for their use, should be made a party plaintiff, and this right was denied, as we think, erroneously. Even in §3480 of the Code, to which reference has already been made, it is especially provided that new parties and new causes of action may be brought in when authorized by law. And although it may be claimed that Adams was a new party, yet his name was necessary to the enforcement of the rights of the original plaintiffs, and, in our opinion, is one of the cases intended to be provided for by law. The cause of action was the recov-

ery of the land before the amendment, and that would have been the cause of action had the amendment been allowed.

The cases cited from the 18th and 29th *Ga.* Reports were ruled before the adoption of the Code.

Judgment reversed.