ESTES *v.* THOMPSON.

1. A party who brings a suit upon a chose in action, though it be an open account, and he has only the equitable title thereto, may amend his declaration by adding the name of the person who has the legal title, suing for his use. Such amendment does not make a new cause of action, nor is it demurrable because of want of privity between the usor and usee

2. Where the 'action was by a defendant in *fi. fa.* against an attorney of the plaintiff in *fi. fa.*, for the recovery of fees which he alleged the attorney had collected from him illegally, and an amendment to the declaration alleged that the attorney had made a special contract with the plaintiff to reduce the claim to judgment for a certain fee in order to protect the defendant and save him from paying the full amount of fees specified in the note, but that the attorney had collected more than the fee agreed upon, and was not entitled to the excess over the amount agreed upon, he must, in order to recover on the amendment, prove the contract alleged.

3. Where a plaintiff sues another for money had and received for his use, he must prove that it was his money. Proof that the money was paid by the agent of a loan company is not sufficient, nor is proof that it was the money of his son sufficient.

4. If the agent of the loan company was acting also as the agent for the plaintiff in paying off the judgment, and he and the attorney who obtained the judgment disputed about the amount of the fees, and the dispute was compromised by the agent's paying the attorney one half of his claim, the plaintiff cannot recover the money thus paid, although his agent paid it under protest. There was no such duress as to make the payment illegal.

5. The verdict was not warranted by the evidence.

January 17, 1893.

Amendment. Parties. Attorneys. Evidence. Agent. Before Judge WELLBORN. Hall superior court. January term, 1892.

W. F. FINDLEY, H. H. DEAN and M. L. SMITH, for plaintiff in error.

H. THOMPSON, F. M. JOHNSON and S. C. DUNLAP, *contra.*

SIMMONS, Justice.

O. B. Thompson sued J. B. Estes for $141 83, upon an account for money had and received; and was allowed to amend, over objection of the defendant, by making the suit in the name of Jacob Phinizy, executor of Ferdinand Phinizy, for his use. The verdict was for the plaintiff; a new trial was denied, and the defendant excepted. The first exception is to the allowance of the amendment. The amendment alleged that the defendant took from the plaintiff $190.83, as attorney's fees for services rendered to Jacob Phinizy as executor of Ferdinand Phinizy, when by special contract he had agreed to render the services for $50; and that Ferdinand Phinizy made the contract "in order to protect said O. B. Thompson and save him the excess of $50 as attorney's fees, and said contract was made for the sole interest of said O. B. Thompson." The court did not err in allowing this amendment. Where a person brings suit upon a chose in action, though it be an open account, and he has only the equitable title thereto, he may amend his declaration by adding the name of the person who has the legal title, suing for his use. See Code, §3486; *Winter* v. *Matthews*, 41 *Ga.* 652; *Adams* v. *Barlow*, 69 *Ga.* 302(2), and cases cited. Such an amendment does not make a new cause of action, nor is it demurrable for want of privity between the usor and usee.

We think, however, that a new trial should have been granted on the general grounds of the motion. It appears from the evidence that the money sued for was paid to Estes by Dunlap, the agent of a loan company, upon a judgment in favor of Jacob Phinizy, as executor of Ferdinand Phinizy, against O. B. Thompson on his note and mortgage to the latter, for $3,000 with interest and ten per cent. attorney's fees, which judgment Estes, as attorney, had obtained under a written contract with Ferdinand Phinizy "to foreclose the said mortgage and

sue the note to judgment for $50." Dunlap testified
that he was not representing Thompson, but a loan
company which was furnishing money to clear up all
liens against him; that he paid Estes the principal
and interest, amounting to $3,836.66, but objected to
paying the ten per cent. attorney's fees, or more than
$50, which Howard Thompson had told him was the
amount Estes was to have, but the latter insisted that
the contract for $50 was merely to sue to judgment, and
that his contract with Jacob Phinizy was to collect the
money for the fees called for in the note. At last he
(Dunlap) compromised with Estes by paying him half
the amount claimed, or $190.83, in settlement of his
fees, which amount he paid under protest. The view
we take of the case renders it unnecessary to consider
whether Estes, as between himself and Phinizy, would
have been entitled to insist on more than $50 or not. In
order to recover under the declaration as amended, it
was necessary, in the first place, to prove that the con-
tract, as alleged, was for the benefit of O. B. Thompson;
and this was not done. There is nothing in the evi-
dence to show that he had anything to do with the con-
tract, or that he had acquired any interest in it. Clearly
he could not, upon a contract in which he had no in-
terest, recover money paid under a judgment which
established his liability for the amount paid. His son
Howard testified : " Phinizy made the arrangement
about fees for my benefit." " This suit was brought by
Phinizy against Thompson at mine and Dunlap's in-
stance, and the arrangement was made for my benefit."
Evidence, however, that the contract was for the benefit
of a third person, not a party to this action, and who, so
far as appears from the record, represented himself and
not the plaintiff, could not avail the latter. Besides,
when one sues for money had and received for his use,
he must prove that the money was his own; and the

plaintiff failed to do this. Proof that it was the money of his son, or that it was paid by the agent of a loan company, is not sufficient. Moreover, if the agent of the loan company was acting also as the agent of the plaintiff, in paying off the judgment, the plaintiff is bound by the compromise and payment made by his agent. There is no pretence that the payment was induced by any deception or misrepresentation amounting to a fraud on the part of Estes, or that there was any mistake or ignorance on the part of Dunlap or the plaintiff which would entitle the latter to relief in the premises. Nor was there such duress as to render the payment illegal. It was therefore immaterial that it was made under protest. For the reasons stated, we think the court below erred in not granting a new trial.

*Judgment reversed.*