GERMANIA BANK *v.* COLLINS, GRAYSON & COMPANY.

In a suit upon a chose in action by the holder of the equitable title thereto, the plaintiff may amend his declaration by adding the name of the person who holds the legal title, suing for his use.

            Argued June 12, — Decided July 20, 1901.

Complaint.    Before Judge Norwood.    City court of Savannah. November 8, 1900.

*George W. Owens*, for plaintiff.
*Osborne & Lawrence*, for defendants.

LEWIS, J.    The Germania Bank sued Collins, Grayson & Company on an open account for a sum alleged to be due the bank as the purchase-money of 256 bales of hay, which the petition alleged was the property of the bank and was sold to the defendants by the bank's agents, W. G. Cooper & Company. The defendants in their answer denied the alleged indebtedness, and denied that they had bought the hay from the bank. At the trial a motion for a nonsuit, on the ground that the evidence showed that the bank had only a special title to the hay, and that the general title was in W. G. Cooper & Company, was made by the defendants, at the conclusion of the evidence introduced by the plaintiff; and, the court having announced that this motion would be sustained, the plaintiff moved to amend

the petition so as to sue in the name of W. G. Cooper & Company for the use of the Germania Bank. The court refused to allow this amendment, and granted a nonsuit, to which ruling the plaintiff excepts.

The refusal to allow the plaintiff to amend was clearly error. The question is settled by the Civil Code, § 5105, which declares: " When several plaintiffs sue jointly, the declaration may be amended by striking out the name of one or more of such plaintiffs. And when it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use." The principle is very clearly stated in the case of *Estes* v. *Thompson*, 90 *Ga.* 698, in the following language. " A party who brings a suit upon a chose in action, though it be an open account, and he has only the equitable title thereto, may amend his declaration by adding the name of the person who has the legal title, suing for his use. Such amendment does not make a new cause of action, nor is it demurrable because of want of privity between the usor and usee." See also the cases of *Winter* v. *Matthews*, 41 *Ga.* 652, and *Adams* v. *Barlow*, 69 *Ga.* 302, cited on page 699 in the able opinion of present Chief Justice Simmons. It is hardly necessary to add anything to these citations. The refusal of the amendment offered was plainly error, and the judgment of the court below is accordingly

*Reversed. All the Justices concurring.*