## ALEXANDER, receiver, *v.* PEEBLES.

Where a bank, under the provisions of § 2290 of the Civil Code, placed its affairs and assets in the control of the State bank examiner, by posting the notice provided for in that section, and subsequently, on appropriate petition filed by the attorney-general of the State, a receiver was appointed, a debtor of the bank could not, by purchasing subsequently to the posting of the notice and having transferred to himself an account of a depositor of the bank, have the same set off at its face value against his indebtedness to the bank, although the purchase was made prior to the filing of the petition for receiver.

SEPTEMBER 15, 1915.

Equitable petition. Before Judge Hammond. Richmond superior court. May 26, 1914.

On December 13, 1913, the Irish American Bank, a banking corporation of Augusta, Georgia, was placed in the hands of the State bank examiner by the action of the board of directors, who met and, after going over the financial condition of the bank, determined that said institution was insolvent, and for that reason they posted on the front door a notice reading as follows: "This bank is in the hands of the State bank examiner." This notice was signed by a majority of the directors of the bank, in their own handwriting. The bank examiner, being in Augusta on the day of the posting of the notice, immediately took possession of the bank and all of its assets. On January 21, 1914, Irvin Alexander was appointed receiver of the bank, on appropriate petition filed by the attorney-general of the State. Shortly after his appointment the receiver demanded of Peebles payment of the sum of $750 due by him to the bank on a promissory note. In answer to this demand Peebles exhibited to the receiver an assignment of a deposit which he had purchased for a valuable consideration from Mrs. Rissie Smith, amounting to $298.44, on January 3, 1914, and claimed the same as a set-off against the note held by the receiver. The receiver declined to accept the assignment in

part payment of the note, and threatened to bring suit for the collection thereof. Thereupon Peebles filed a petition in the superior court, praying that the receiver be enjoined from instituting suit on the note, and be required to accept the assignment in part payment of his debt due to the bank. The case was heard by the judge without a jury. The plaintiff tendered the difference between the assignment and the amount due on the note. The prayer of the petition was granted, the court adjudging that the assignment of the deposit should be accepted at its face value by the receiver in part payment of the note, because the assignment was made prior to the filing of the petition upon which the receiver was appointed. The receiver excepted.

*Archibald Blackshear,* for plaintiff in error.

*Pierce Brothers* and *Isaac S. Peebles Jr.,* contra.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court erred in granting the injunction against the receiver in this case, and in directing him to accept, in part payment of the indebtedness due by the defendant to the bank, the assignment of Mrs. Rissie Smith, dated January 3, 1914, and amounting to $298.44. The act of the bank directors in placing the bank in the hands of the bank examiner prevented the purchasing, by any debtor of the bank, of claims against the bank for the purpose of setting them off at their face value against debts due the bank by such purchaser. When the bank placed its affairs and assets under the control of the bank examiner by posting on the front door the notice, "This bank is in the hands of the State bank examiner," which notice was signed by a majority of the directors of the bank in their own handwriting, this had the effect of converting the assets of the institution into a fund in the nature of a trust fund for the benefit of all the creditors of the bank. Upon the posting of this notice the bank, which was soon thereafter placed in the hands of a receiver, ceased to be a going concern. To hold that where one, after the notice referred to was posted on the door of the bank, could purchase outstanding claims against the bank for the purpose of a set-off against the purchaser's indebtedness to the bank, would create a disturbance of the affairs of the bank and to a certain extent of the assets of the bank, which is not contemplated by the law as it now stands. This case in many of its facts is very similar to that of *Nix* v.

*Ellis,* 118 *Ga.* 345 (45 S. E. 404, 98 Am. St. R. 111), but it differs in certain material particulars. In that case Nix, who was indebted to the Peoples Bank of Americus, purchased and had duly transferred Hines's account against the bank to himself. This transfer for value of Hines's account to Nix was on the day succeeding that on which the bank made an assignment for the benefit of its creditors, but preceding the day on which certain other creditors of the bank filed a petition asking for a receiver and a decree declaring the assignment void; under which bill Ellis was subsequently appointed receiver for the assets of the bank, and the assignment was declared null and void. Relatively to the transfer of Hines's account to Nix in the case referred to, although the assignment was made by the bank before the transfer of the account, the affairs of the bank occupied the same status in law as if the assignment had never been made; for, as stated above, it was subsequently declared null and void; and the transfer of Hines's account was made prior to the filing of the petition for a receiver. In the present case the posting of the notice that the assets and property of the bank had been placed in the possession of the State bank examiner took place before the purchase and transfer of the account which the defendant in error sought to have set off against his indebtedness to the bank. And that condition of the bank which resulted from the posting of the notice continued up to the time of filing the petition and the appointment of a receiver under that petition. The law providing for the posting of the notice referred to is contained in the act entitled, "An act to create in the treasury department of the State of Georgia a bank bureau," etc., which was passed in the year 1907 (Acts 1907, p. 85), and which is now embodied in § 2290 of the Civil Code. We are of the opinion that, under the facts of this case and the provisions of the section last referred to, the court should have refused the injunction and should have held that the claim against the bank, assigned by Mrs. Smith to the defendant in error subsequently to the date of the posting of the notice, could not be treated as a set-off against the indebtedness of the defendant in error to the bank.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*