8157. MADISON SUPPLY & HARDWARE CO. *v.* SIDWELL.

1. Where an execution, which had been transferred in writing by the plaintiff as collateral security for a debt to a bank, was delivered back on payment of the secured debt, but not transferred in writing to the plaintiff, the equitable title to the execution was in the plaintiff; and where the plaintiff afterwards filed a petition in the plaintiff's own name, for a rule against a constable who, it was alleged, had the execution for collection and had failed to make the money thereon, it was error to refuse to allow the plaintiff to amend the petition so as to proceed "for the use" of the bank.

2. Under the provisions of the code (Civil Code of 1910, § 6042), the taking of a forthcoming bond would not excuse the officer for failing to make the money on the execution; the bond could not affect the rights of the plaintiff in execution, and the court erred in admitting in evidence such a bond and the record of a suit thereon.

DECIDED JULY 5, 1917.

Money rule; from Morgan superior court—Judge Park. March 10, 1916.

*M. C. Few,* for plaintiff.   *Williford & Lambert,* for defendant.

BLOODWORTH, J. Madison Supply & Hardware Company filed a petition for a rule against J. T. Sidwell, alleging: that said Sidwell was a legal constable; that a justice court fi. fa. was placed in his hands for collection; that he levied it on sufficient property of the defendant in fi. fa. to make the money thereon, and that although the fi. fa. remained in his hands a sufficient time for him to make the money thereon and pay it over to the plaintiff, he failed to do so. Defendant · filed an answer of several paragraphs, to portions of which plaintiff filed a demurrer. The demurrer was overruled, and thereupon the plaintiff filed a traverse to the answer of the defendant. On the trial of the issue raised by this traverse it was shown that the execution had been transferred in writing to the First National Bank, of Madison, was held by it as collateral security, and was turned over by the bank to the attorney for plaintiff in fi. fa. for collection; that when the levy was made by Sidwell the bank had not been paid, but subsequently the plaintiff in fi. fa. paid the bank in full; that at the time of the trial the hardware company owed the bank nothing, and that the execution had never been "transferred back to the company, but delivered" to it. After the evidence was in, the court announced the following ruling: "I hold that the evidence shows, at the time the levy was made in November, 1915, that it appears from the fi. fa. introduced in evidence in this case that it was transferred in writing to the First National Bank, of Madison, Ga., as shown by the indorsement and the oral evidence in the case; that if any one was damaged by the failure of the officer to make the money from the levy of November, 1915, it was the First National Bank, of Madison, and not the Madison Supply & Hardware Company; and therefore the Madison Supply & Hardware Company, under the law, would not be entitled to recover in this case as the papers now stand." After this ruling the plaintiff offered to amend, so that the case would proceed in the name of the plaintiff "for the use of the First National Bank." This motion was overruled and a verdict directed for the defendant. To the ruling on this ground the court attached the following note: "I refused to allow the amendment to sue for the use of the National Bank for the reason: 1st. It was not allowable. And, 2d, the evidence shows nothing was due the bank. 3d. The evidence showed that the execution was transferred to said bank, and therefore the

Madison Supply & Hardware Company had no right to bring the rule."

While at the date of the trial the bank had no interest in the execution, yet it was error to refuse the amendment offered so that the cause could proceed "for the use of the First National Bank." Under our law, judgments and executions "are negotiable by indorsement or written assignment in the same manner as bills of exchange and promissory notes." Civil Code (1910), § 4274; *Price* v. *Bradford,* 5 *Ga.* 364. The payment by the hardware company of all indebtedness to the bank, and the delivery of the fi. fa., placed the equitable title to the fi. fa. in the hardware company. "An assignment of a judgment should be in writing, in order to vest the legal title in the assignee; and if transferred by delivery merely, the assignee takes an equitable interest, and may use the name of the plaintiff for the purpose of enforcing his rights." *Robinson* v. *Schly,* 6 *Ga.* 515 (5). "In a suit upon a chose in action by the holder of the equitable title thereto, the plaintiff may amend his declaration by adding the name of the person who holds the legal title, suing for his use." *Germania Bank* v. *Collins,* 113 *Ga.* 1010 (39 S. E. 421); *Estes* v. *Thompson,* 90 *Ga.* 698 (17 S. E. 98); *Wheeler* v. *Stapleton,* 99 *Ga.* 731 (27 S. E. 724); *Cross* v. *Johnson,* 65 *Ga.* 717; *Hayne* v. *Perry,* 25 *Ga.* 400; Civil Code (1910), § 5689.

The court did not err in overruling the first and second grounds of the plaintiff's demurrer to the plea, but the third and fourth grounds should have been sustained. The Civil Code (1910), § 6042, provides that forthcoming bonds shall not "in any case prejudice or affect the rights of plaintiffs in execution, but shall relate to and have effect alone between the officer to whom it is given and the defendant in execution; and such officer shall in no case excuse himself for not having made the money on an execution by having taken such bond, but shall be liable to be ruled as now prescribed by law." Under this code-section the admission in evidence of the forthcoming bond, the record of the trial in the city court of Madison, the suit on the forthcoming bond, and all evidence as to the advertisement of the property after taking the bond, was erroneous.

On account of the direction given this case it is unnecessary to consider the other assignments or error.

*Judgment reversed. Broyles, P. J., and Jenkins, J., concur.*