19650. MEYER *et al.* v. HIATT, receiver.

584

*Milner & Farkas,* for plaintiffs in error.  *E. L. Smith,* contra.

BELL, J.  W. S. Hiatt, as receiver of New Georgia National Bank, brought suit against Joe A. Meyer as principal and Leonard Farkas as indorser upon a note payable to the bank.  The note provided for the payment of 15 per cent. as attorney's fees, if collected by law or through an attorney, and the plaintiff sought to recover attorney's fees on this basis, in addition to principal and interest.  The defendants demurred to the claim for attorney's fees, on the ground that "the same is unreasonable and contrary to law;" and they filed an answer in which they set up the following facts : The principal defendant, Joe A. Meyer, was the sole and exclusive owner of the Commercial Car and Machinery Company, being the owner of all its capital stock, and as such had on deposit and now has on deposit with the plaintiff a sum in excess of the amount sued for, and no other person than himself has any claim or right to this deposit or any part thereof.  The note now sued on was given in renewal of an obligation of the machinery company which was the original debtor.  The deposit was duly assigned in writing by the machinery company to the defendant Meyer before the filing of the present suit, but after the insolvency of the bank and the appointment of the receiver.  At the time of executing the note, it was agreed and understood between the machinery company, the New Georgia National Bank, and Meyer, that the assets of the machinery company were to be taken over by him, the deposit being a part of the company's assets at that time.  The defendants have repeatedly requested the plaintiff to credit the amount of the deposit, or a sufficient amount thereof to pay the note, but the plaintiff has refused to do so.  The deposit "should in law and right be set off against the note now sued on."  The court overruled the demurrer as to the attorney's fees, and sustained a general demurrer

to the answer; and, after a final judgment in favor of the plaintiff, the defendants brought the case to this court.

■ The defendants' demurrer sought to have the court hold that the amount promised as attorney's fees was unreasonable as a matter of law. The court rightly refused to do this and properly overruled the demurrer. See Civil Code (1910), § 4252.

■ Although Meyer owned all the stock in the machinery company, he and the company were separate and distinct persons, and his right of set-off must depend upon his timely acquisition from the company of such an interest in the deposit as would authorize him to plead it as a set-off. *Exchange Bank* v. *Macon Construction Co.,* 97 *Ga.* 1 (25 S. E. 326, 33 L. R. A. 800); *Waycross Air-Line R. Co.* v. *Offerman & Western R. Co.,* 109 *Ga.* 827 (35 S. E. 275). The deposit represented a chose in action against the bank (*McGregor* v. *Battle,* 128 *Ga.* 577, 58 S. E. 28, 13 L. R. A. (N. S.) 185), the legal title to which could be assigned only in writing (*Hartford Fire Ins. Co.* v. *Amos,* 98 *Ga.* 533 (2), 25 S. E. 575). The plea shows a written assignment to Meyer; but since it was not made until after the bank's insolvency and the appointment of the receiver, such assignment was ineffectual to convey to Meyer any right which he could assert by way of set-off against the receiver. The case must therefore be determined without reference to the written transfer. *Nix* v. *Ellis,* 118 *Ga.* 345 (7) (45 S. E. 404, 98 Am. St. R. 111); *Alexander* v. *Peebles,* 144 *Ga.* 78 (86 S. E. 231).

The answer further alleges, however, that Meyer gave the note in renewal of a prior note of the machinery company, and that at the time the note was executed it was agreed and understood between the machinery company, the bank, and himself that the assets of the machinery company, which included the deposit in question, were to be taken over by him. The transaction here referred to was, of course, before the insolvency of the bank and before the appointment of a receiver. The agreement was apparently one which the company could make and was prima facie valid. *Plant* v. *Macon Oil & Ice Co.,* 103 *Ga.* 666 (30 S. E. 567); *Fourth National Bank* v. *Consolidated Steamboat Co.,* 12 *Ga. App.* 864 (76 S. E. 1057); *McGregor* v. *Battle,* supra. It thus appears that it was the fair intention of the parties to make an immediate change of ownership with respect to the fund in question, based upon a sufficient consideration, and this amounted to a good oral assignment under

which Meyer became the equitable, though not the legal, owner of the deposit. *Jones* v. *Glover,* 93 *Ga.* 484 (21 S. E. 50) ; *Beasley* v. *Anderson,* 167 *Ga.* 470 (146 S. E. 22) ; *Few* v. *Pou,* 32 *Ga. App.* 620 (3, 4), 628 (124 S. E. 372). If the bank had not gone into the hands of a receiver, Meyer, on his equitable title, could have brought suit against it to recover the amount of the deposit,—not in his own name, but in the name of the machinery company suing for his use. *Estes* v. *Thompson,* 90 *Ga.* 698 (17 S. E. 98) ; *Germania Bank* v. *Collins,* 113 *Ga.* 1010 (39 S. E. 421) ; *Gate City Cotton Mills* v. *Cherokee Mills,* 128 *Ga.* 170 (3) 57 S. E. 320) ; *May* v. *McCarty,* 11 *Ga. App.* 454 (75 S. E. 672) ; Civil Code (1910), § 5689. Or if the fund had been impounded in the hands of a garnishee, at the instance of an attaching creditor of the machinery company, Meyer could have filed a claim thereto and prevailed over the creditor who had thus sought to reach the fund by the garnishment. *Haas* v. *Old National Bank,* 91 *Ga.* 307 (2) (18 S. E. 188) ; *Few* v. *Pou,* supra, and cit.

Should the defendant be denied the right of set-off in this case merely because he could not have sued the bank in his own name? In *Nix* v. *Ellis,* supra, it was said that a transferred chose in action, which can be sued on in the name of the assignee, may be used as a set-off; but this was not to rule that a claim against the plaintiff, to which the defendant holds the equitable title, may not also be pleaded as a set-off against the plaintiff's demand. No such question was involved in that case. "Set-off must be between the same parties and in their own right. If originally otherwise, but at the commencement of suit equitable within this rule, they [claims] may be set-off." Civil Code (1910), § 4341. Under the facts pleaded in the present case, the deposit in question was "equitably within" the principle laid down in the Code, since Meyer had become the equitable owner thereof prior to the action or proceeding under which the receiver was appointed.

A defendant, in order to plead a set-off, must obtain such a title to the chose in action as would enable him to sue upon it either in his own name or in the name of another for his use. 25 Am. & Eng. Enc. Law (2d ed.), 528; 34 Cyc. 752. Formerly, in this State, the defendant could not in an action at law plead as a set-off a chose in action against the plaintiff, unless he held the legal title thereto, when the action was commenced, notwithstand-

ing he may have owned the entire equitable interest in it and could have asserted such a defense in a court of equity. *Lee* v. *Lee,* 31. *Ga.* 26 (76 Am. D. 681). But this is not true under our present system of jurisprudence. Compare *Hecht* v. *Snook,* 114 *Ga.* 921, 925 (41 S. E. 74), explaining the *Lee* case; and see also the several opinions in *Mordecai* v. *Stewart,* 37. *Ga.* 364. Furthermore, the provisions now contained in section 4341 of the Code were not a part of the statute law of this State at the time of the decision in the *Lee* case. *Wilson* v. *Exchange Bank,* 122 *Ga.* 495, 502 (50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597). To allow the set-off in the instant case is merely to permit the defensive assertion of an equitable right, and is not to grant any affirmative equitable relief. The suit was in a city court, which is a court of law; but even so, such a court has jurisdiction to entertain an equitable defense not involving affirmative relief or extraordinary remedy. *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722); *Butler* v. *Holmes,* 128 *Ga.* 333 (57 S. E. 715); *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865 (5) (64 S. E. 105); *Swift* v. *Oglesby,* 8 *Ga. App.* 540 (70 S. E. 97).

The plea set forth a valid defense, to determine which the city court of Albany had jurisdiction, and it was therefore error to sustain the plaintiff's demurrer. See *State* v. *Brobston,* 94 *Ga.* 95 (21 S. E. 146, 47 Am. St. R. 138).

*Judgment reversed. Jenkins, P. J., and Stephens J., concur.*