UNITED ENGINEERS AND CONSTRUCTORS INC. *v.* FIAT METAL MANUFACTURING COMPANY *et al.*

No. 8769. JULY 13, 1932. REHEARING DENIED SEPTEMBER 23, 1932.

*McDaniel, Neely & Marshall* and *W. O. Wilson,* for plaintiff in error.

*George B. Rush* and *Thomas & Thomas,* contra.

BELL, J. (After stating the foregoing facts.) Were the allegations of the petition sufficient to show an equitable assignment to the plaintiff by Hewitt of the contract between him and the Engineers company? By the brief of counsel for the plaintiff in error this is made the sole question for consideration under the pleadings, and it is our opinion that the question should be answered in the affirmative. The Engineers company made a contract with Hewitt for certain steel partitions to be furnished and installed by the latter, agreeing to pay therefor the sum of $4620. The plaintiff alleges that Hewitt was in fact the agent of the plaintiff in the sale of its materials, but that, because the Engineers company would not purchase the materials unless they were installed, the plaintiff and Hewitt concluded that the contract should be made with the Engineers company in the name of Hewitt, to include the cost of installation, but that after the contract was executed Hewitt would assign it to the plaintiff. The understanding between the plaintiff and Hewitt was that the plaintiff would furnish the materials and after collecting the gross price would retain the net price of the materials alone as the amount due to itself, and would pay the remainder over to Hewitt to cover his commission and the cost of installation. It is distinctly alleged that before this contract was executed the plaintiff and Hewitt entered into an agreement in which it was understood that the contract would be assigned to the plaintiff upon its execution. The petition further alleges that shortly after the contract was executed between the Engineers company and Hewitt, it was forwarded to the plaintiff by Hewitt in pursuance of the agreement for assignment. Thereafter the plaintiff notified the Engineers company that it held the contract under assignment, and was advised in reply that the assignment was satisfactory. The plaintiff subsequently furnished the materials directly to the

Engineers company, and the same have been installed in accordance with the contract between the Engineers company and Hewitt. The plaintiff does not insist upon a legal assignment, but contends that the facts alleged in the petition constituted an equitable assignment. Accordingly, it filed suit in a court of equity to enforce its claims, and caused all persons at interest to be made parties before the court.

In the case of *Jones* v. *Glover*, 93 *Ga.* 484 (21 S. E. 50), it was said: "In order to infer an equitable assignment, such facts or circumstances must appear as would not only raise an equity between the assignor and the assignee, but show that the parties contemplated an immediate change of ownership with respect to the particular fund in question, not a change of ownership when the fund should be collected or realized, but at the time of the transaction relied upon to constitute the assignment." In view of the allegations as to the previous understanding between the plaintiff and Hewitt to the effect that the contract for the furnishing and the installation of the material would be assigned to the plaintiff upon its consummation with the Engineers company, it may be inferred that Hewitt was acting under the influence of this agreement and in pursuance thereof when he subsequently delivered the contract to the plaintiff by mail as in his letter of August 21. The facts also justify the conclusion that both he and the plaintiff contemplated an immediate change of ownership of such rights as existed in Hewitt's favor under the contract. The fund which the plaintiff is now claiming had at least a potential existence, since the liability of the Engineers company depended only upon the performance of an existing contract. Hence it can not be said that there was nothing to be assigned. *Walton* v. *Horkan*, 112 *Ga.* 814 (38 S. E. 105, 81 Am. St. R. 77).

An equitable assignment is such an assignment as gives the assignee a title which, though not cognizable at law, will be recognized and protected in equity. "It is in the nature of a declaration of trust, and is based on principles of natural justice and essential fairness, without regard to form." 5 C. J. 837. While a legal assignment must be in writing (*Turk* v. *Cook*, 63 *Ga.* 681), an equitable assignment can be made either by oral agreement or in writing. *Beasley* v. *Anderson*, 167 *Ga.* 470 (1 d) (146 S. E. 22); *Meyer* v. *Hiatt*, 40 *Ga. App.* 583 (2) (150 S. E. 567). It is apparent from

the petition that the Engineers company was given notice of the assignment before any of the materials were supplied, and that after such notice it assented to the assignment and accepted the materials from the plaintiff.   By the petition, therefore, the case is materially different from the case of *Tifton &c. Ry. Co.* v. *Bedgood,* 116 *Ga.* 945 (43 S. E. 257), in which it was held that contract rights coupled with liabilities can not be transferred to a third person by one of the parties to the contract without the assent of the other. The alleged assignment referred to in that case was held to be enforceable when shown to have been assented to by the party whose obligation was sought to be assigned.   *Butler* v. *Tifton &c. Ry. Co.,* 121 *Ga.* 817 (49 S. E. 763).   We think the facts alleged in the petition were sufficient to show a good equitable assignment whereby the plaintiff was entitled to maintain an equitable action against the Engineers company, in which all parties at interest were made parties in the record in order that their respective rights and liabilities could be adjudicated and protected.   See, in this connection, *First National Bank* v. *Hartman Steel Co.,* 87 *Ga.* 435 (13 S. E. 586) ; *Haas* v. *Old National Bank,* 91 *Ga.* 307 (18 S. E. 188) ; *Powell* v. *Clements,* 172 *Ga.* 381 (157 S. E. 699) ; *Metropolitan Life Ins. Co.* v. *Morrow,* 10 *Ga. App.* 433 (73 S. E. 607) ; *Brown Guano Co.* v. *Bridges,* 34 *Ga. App.* 652 (2) (130 S. E. 695) ; *Brown* v. *West,* 35 *Ga. App.* 444 (3) (133 S. E. 304).

The original motion for a new trial contained only the usual general grounds.   Other grounds were added by amendment, but these were mere amplifications of the general grounds.   The question now to be considered is whether the facts disclosed by the evidence established an equitable assignment.

The evidence authorized a finding in favor of the truth of each of the allegations of the petition, and what we have just said in the preceding division will practically control the question raised by the motion for a new trial.   The evidence made a slightly different case from that alleged in the petition, but there was not a fatal variance.   For instance, the petition alleged that the Engineers company was notified, on October 4, 1928, that the contract had been assigned to the plaintiff, and the evidence shows that on the selfsame date the plaintiff wrote to Hewitt a letter asking for an assignment, and that it repeated this request on November 9.   The Engineers company, on learning that the plaintiff had no formal

written assignment of the contract, undertook to repudiate its previous expression upon the subject, and claimed the right to settle directly with Hewitt. The plaintiff's statements by letter and telegram, sent and mailed respectively to the Engineers company on October 4, might have implied that the plaintiff was claiming under a written assignment. But if the facts were such as to constitute any sort of assignment, the Engineers company was put upon notice thereof by such letter and telegram, when considered in connection with the other proved facts and circumstances,—that is to say, the jury could have so found. Civil Code (1910), § 4530.

If the assent of the defendant company to this alleged assignment was necessary under the principles referred to in *Tifton &c. Ry. Co. v. Bedgood, supra,* the evidence was sufficient to establish such consent. There was evidence to the effect that the Engineers company almost from the very inception of the contract was in constant communication with the plaintiff, and fully expected and intended that the materials would be supplied directly by the plaintiff, and not by Hewitt. The evidence also authorized the inference that the Engineers company had knowledge of facts constituting an equitable assignment before it had paid any considerable sum of money to Hewitt, and was thus afforded ample opportunity to protect itself *at least to the extent of the recovery ultimately had against it,* by withholding payment from Hewitt and dealing directly with the plaintiff. Cf. *Graham* v. *Southern Ry. Co.* 173 *Ga.* 573 (3) (161 S. E. 125).

The evidence authorized the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*