UNITED STATES of America
v.
MERCURY MOTOR EXPRESS, INC.
Civ. A. No. 1333.

United States District Court
S. D. Georgia,
Augusta Division.
Nov. 6, 1968.

William T. Morton, Asst. U. S. Atty., Augusta, Ga., for plaintiff.

Thomas R. Burnside, Jr., Jack W. Tarver, Jr., Augusta, Ga., for defendant.

ORDER ON MOTION FOR SUMMARY JUDGMENT

LAWRENCE, District Judge.

The Small Business Administration, an agency of the United States of America, made a loan of $40,000 in 1963 to Ruth B. Johnson (hereinafter styled Transfer Company.) It was evidenced by a monthly installments note and was secured in part by assignment of all sums to become due to Transfer Company by the defendant Mercury Motor Express, Inc. (hereinafter styled Mercury) under an agreement entered into in 1964. The contract provided that the Transfer Company would handle pick-up and delivery operations of Mercury in the Augusta area.

The Transfer Company which as assignor assigned to Mercury the proceeds of this agency agreement directed Mercury to remit all sums due it to the Citizens and Southern National Bank of South Carolina by checks payable jointly to the Transfer Company and the Bank. The latter was to negotiate the remittances and pay the sums over to the Small Business Administration.

The Bank acknowledged the assignment in writing.

The complaint alleges that between December 14, 1964, and December 31, 1965, Mercury paid directly to the Transfer Company amounts totalling $7,307.28 of which only $662.94 was paid by it to the Small Business Administration.

The United States sues Mercury for the difference and the defendant has set up various defenses, including partial assignment as distinguished from complete assignment; waiver based on the claim that the Bank was the agent of plaintiff; laches; lack of consideration, etc.

The Government has moved for a Summary Judgment, contending that under the Uniform Commercial Code the liability of Mercury is established as a matter of law by the pleadings.

At the hearing Mercury contended that the assignment in question was not a Commercial Code transaction. Section 109A–9–104 excludes "assignments of accounts and contract rights for the purpose of collection only". Mercury further argued that irrespective of whether the assignment was a Commercial Code or a non-Code transaction the result would be the same.

In any event, it is necessary at the outset to determine what law applies in this litigation, that is, the Commercial Code or the general law as to assignment of funds.

Georgia has no case law under the assignment - of - accounts - for - collection - only exclusion. That exception has had judicial consideration in Pennsylvania and Kentucky. In Lyon v. Ty-Wood Corporation, 212 Pa.Super. 69, 239 A.2d 819, the assignor assigned to the assignees certain sums due to it for work performed for a third party. The Court held that under the language of the Code and the Official Comments the transaction was excluded from the filing provisions of the former.

In Spurlin v. Sloan et al. (Court of Appeals, Ky.), 368 S.W.2d 314, the parties entered into an agreement as to their respective work in the performance of a road project. On completion of the construction certain sums were due by the Department of Highways. One of the parties assigned a portion of the amount to the other and directed the Commonwealth of Kentucky to pay same to a Bank which was to receive and apply it in the manner directed. The Highway Department received a copy of the assignment. Subsequently the fund was attached and the amount due was paid into Court. The Court of Appeals of Kentucky held that under the Commercial Code the assignment was not a security transaction but represented an absolute assignment of the right to collect money. Nor was it an assignment of a "Contract right".

■ The assignment by Mercury of monies due by it under its contract with the Transfer Company was, in my opinion, as assignment of accounts for collection only and is excluded from the Commercial Code, 9–104(f).

■ Where does this leave us? The Georgia cases do not make it plain. Under general law a debtor who, with notice of an assignment, pays out money due to one other than to the assignee is liable to the latter. See Am.Jur.2d, Assignments, Sections 96 and 112.

■ Under Georgia law notice to a debtor of either a partial or equitable assignment creates a duty respecting payment by a debtor which may result in liability to the assignee of the amount due by the debtor. See United Engineers & Constructors Inc. v. Fiat Metal Manufacturing Company, 175 Ga. 509,

165 S.E. 609; Graham v. Southern Railway Company, 173 Ga. 573(3), 161 S.E. 125, 80 A.L.R. 407. We have in the present case no equitable or partial assignment but a total or full assignment, in my opinion.

In this view of the case Mercury would be without a substantial defense except for the matter of waiver as set forth in its Third Defense.

It is clear from the pleadings that for a period of about a year Mercury ceased to comply with its agreement to make remittances of amounts owing in the manner contemplated by the assignment. Payments were made by defendant directly to the Transfer Company instead of by check jointly payable to the assignee and the Bank.

In its answer Mercury contends that the Bank was the agent of the SBA and knew that checks were not being issued in the manner contemplated by the loan agreement. It is alleged that the Bank allowed checks to be deposited payable solely to the Transfer Company. All of this amounted, it contends, to a waiver.

I know of no relevant Georgia cases. A written assignment of moneys due or to become due by another is a valid assignment in this State. Cleary & Company v. Fawcett, 19 Ga.App. 184, 91 S.E. 227. In that case the evidence authorized a finding that the plaintiff did not waive or abandon his rights under the assignment.

One may well doubt whether the Bank was anybody's agent and least of all an agent of the United States. Equally doubtful is whether the Bank had any duty except to handle and remit the proceeds of jointly payable checks. I have large reservations as to whether mere acknowledgment of the assignment obliged the Bank to distinguish between checks so payable and checks drawn solely to the order of the Transfer Company. It seems unlikely to me that the United States is bound under the circumstances by the action or nonaction of the Bank in respect to Mer-

cury's checks made payable to the assignor.

However, as the pleadings stand a waiver has been asserted and, on the whole, I think it is better to decide whether a verdict should be directed on the trial rather than to determine the disputed point upon motion for summary judgment. Accordingly, it is denied.