In the Matter of Robert Herman BARGSTEDT, Jr. a/k/a Bob Bargstedt and Arlene M. Bargstedt, Debtors.

Ernest V. HARRIS, Trustee, Plaintiff,

v.

FARMERS HOME ADMINISTRATION, United States Department of Agriculture, Defendant.

Bankruptcy No. 80-00026.
Adv. Proceeding No. 80–0106.

United States Bankruptcy Court,
M. D. Georgia,
Athens Division.

Sept. 22, 1980.

Ernest V. Harris, Nicholson, De Pascale, Harris & McArthur, Athens, Ga., pro se, trustee.

Bernard E. Namie, Asst. U. S. Atty., Macon, Ga., for Farmers Home Administration, defendant.

MEMORANDUM DECISION ON COMPLAINT BY TRUSTEE TO RECOVER PROPERTY

FINDINGS OF FACT

HENRY D. EVANS, Bankruptcy Judge.

On February 22, 1978 and January 2, 1979, the Farmers Home Administration (defendant) made loans to Robert Herman Bargstedt, Jr. and Arlene M. Bargstedt

(debtors), which loans were secured by the debtors' farm, cattle, and equipment.

On May 1, 1978, the debtors assigned $4,100.00 per month of the purchase price due or to become due on milk supplied by them to Dairymen, Inc. to the defendant. The assignment was accepted by Dairymen, Inc. on June 8, 1978, and by its terms became effective on June 1, 1978. The assignment called for Dairymen, Inc. to pay the above amount directly to the defendant.

Payments under the assignment were made by Dairymen, Inc. to the defendant from June 1978 through March 15, 1980, the last payment of $4,100.00 being received by the defendant on or around March 20, 1980.

On March 3, 1980, the debtors filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code.

## CONCLUSIONS OF LAW

The question before the Court is one of title to the $4,100.00. If the $4,100.00 was property of the debtor and the action of the defendant was the collection of a debt subsequent to the filing of the petition in bankruptcy, the provisions of Bankruptcy Code §§ 362, 541 and 542 would make the money a part of the estate and recoverable by the trustee. If the $4,100.00 was not property of the debtor, then the trustee has no right to it.

The conflict necessitating this litigation is the conflict caused by Section 541(a)(6) of the Bankruptcy Code, making "proceeds, product, offspring, rents, and profits of or from property of the estate" part of the estate and the assignment signed by the debtors which purportedly transferred the debtors' rights in the proceeds of milk sold to Dairymen, Inc. The milk arguably being the property of the debtors and part of their estate, the proceeds thereof are thereby claimed by two individuals: the trustee pursuant to Section 541(a)(6) and the defendant pursuant to its assignment. The defendant's position is superior.

■ In Georgia, a written assignment of monies due or to become due is valid. *United States v. Mercury Motor Express, Inc.*,

294 F.Supp. 919 (S.D.Ga.1968). Unlike certain equitable assignments, written assignments as referenced above may be based on preexisting debt without the transfer of contemporaneous consideration. *Suttles v. Vickery*, 179 Ga. 751, 177 S.E. 714 (1934). Hence the assignment of the proceeds of milk by the debtors to the defendant was legal and valid.

■ It is well established law that the trustee in bankruptcy takes only the title of the debtor in property of the estate. *Pearlman v. Reliance Insurance Co.*, 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962); *Wiley v. Public Investors Life Insurance Co.*, 498 F.2d 101 (5th Cir. 1974). It is understood that *Pearlman* and *Wiley* were decided before the new Bankruptcy Code was written and Section 541 was not under consideration by those courts, but the underlying principle involved was not changed by the language of the Code. The assignment in question being properly executed, the debtors could not have claimed title to the property in question and neither can the trustee in bankruptcy.