## SMITH *v.* ESTEY ORGAN COMPANY.

1. Where the purchaser of goods seeks to avoid the contract of purchase on the ground of fraud, he must, upon the discovery of the facts constituting the fraud, at once announce his purpose to rescind, adhere to it, and make or offer to make restitution. If he remain silent, retain possession of the goods received under the contract as his own without complaint until long after the discovery of the fraud, he will be held to have waived his objection, and will be bound for the purchase price as though no fraud had occurred.

2. Where the seller of goods, who has retained title, brings an action to recover the same, because of the nonpayment of the purchase price, and a plea is filed by the purchaser alleging fraud in the seller in procuring the defendant to become the purchaser of the goods sued for, and there is no allegation in such plea that he was misled by such representations or that upon the discovery of the fraud he elected to rescind, and no allegation that he then restored or offered to restore the seller to his original status, it was without merit, set up no defense to the action, and was properly stricken on demurrer.

Argued February 20,—Decided March 22, 1897.

Complaint. Before Judge Felton. Crawford superior court. March term, 1896.

*Gustin, Guerry & Hall,* for plaintiff in error.
*L. D. Moore,* contra.

ATKINSON, Justice.

The questions made in the present case arose upon the following state of facts. The Estey Organ Company brought its action against Smith for an upright Estey piano designated as Style 5, No. 18508, of the value of $250.00. The case being called for trial, plaintiff introduced three notes made by Smith to it, dated February 13th, 1891,

and due six months after date, two of the notes being for $50.00 each, and one for $100.00. Also, a contract entered into by Smith with it for the purchase of an Estey piano, by which contract he bound himself to pay it $250.00, the title thereto being reserved in the plaintiff until all instalments should be fully paid, and if not paid as they severally matured, upon default of any of the instalments said instrument should be delivered to plaintiff upon demand, without any liability on its part to account for or refund any money or thing previously paid upon the price of said instrument. Plaintiff put in evidence, also, defendant's admission of the demand for, and refusal of the defendant to deliver the property before the filing of the suit. Defendant then submitted an amendment to his plea. On motion of plaintiff this amended plea was stricken. To this ruling defendant excepted. The amendment was as follows: "He purchased said piano of the Estey Organ Company on the representations of the said company, that the case of the said piano was made of wood known as ebony wood, which wood is very superior for finishing the cases of pianos, which representations were made by said company to induce this defendant to purchase the said piano, which representations were false and fraudulently made, and were known to be false at the time they were made by said company. By reason of said representations, defendant paid to the said Estey Organ Company the sum of $150.00. Defendant shows, that said piano was not an ebony finish, but was only varnished with some material so as to cause it to resemble ebony, and that said instrument is practically worthless. Wherefore defendant prays, that said contract may be rescinded, and that he may have a judgment against said plaintiff for the sum of $150.00 received from him by said company, by reason of said false and fraudulent representations as above set forth; and defendant now agrees to surrender said instrument to said plaintiff upon receipt of said sum."

1. The amendment offered by the defendant fails as a

substantive defense to plaintiff's action. He alleges false representations upon the part of the seller of the piano as to the quality and character of the wood out of which the case of the instrument was constructed. He alleges that these representations were made by the defendant to induce him to become the purchaser of the instrument; that these representations were false, and were fraudulently made by the seller; but nowhere alleges that he was misled as a consequence of such misrepresentations, or induced by them to become the purchaser. He alleges that the instrument, at the time the plea was filed, was worthless, but does not allege at what time that fact first came to his knowledge. It will be seen from the record, that nearly five years elapsed between the time he received the instrument and the time that he filed the plea. By his plea he offers to restore to the plaintiff the instrument in question, but does not allege that upon the discovery of the fraud alleged to have been perpetrated upon him he then offered to restore the instrument. Where one seeks to relieve himself from the obligation of a contract upon the ground that he was procured to enter into it in consequence of the fraud of the adverse party, he must allege and prove such facts not only as establish the fraud, but show that he has suffered in consequence of such fraudulent conduct an injury. Upon a fraud perpetrated without injury a cause of action cannot arise. Unless the defendant was misled and induced to act to his prejudice in consequence of the fraudulent representations of the plaintiff, he would not be entitled to rescind; and therefore his plea is insufficient, in that it fails to allege that he was misled by the conduct of the plaintiff. Long delay in the repudiation of a contract into which one is induced to enter in consequence of misrepresentations of another, fraudulently made, is as fatal to the right of rescission as would be express acquiescence in the fraud; the only difference being that in the one case acquiescence implies assent, and in the other, assent must

be proven.  It is, therefore, that where the purchaser of goods seeks to avoid the contract of purchase on the ground of fraud, he must, upon the discovery of the facts constituting the fraud, at once, upon his first opportunity to do so, announce his purpose to rescind, steadfastly adhere to it, and make or offer to make restitution.  If he remain silent and passive, retain possession of the goods received under the contract as his own without complaint until long after the discovery of the fraud, he will be held to have waived any objection to the fraudulent conduct of the seller, and will be bound for the purchase price as though in the execution of the contract no fraud had been committed.  (See *Summerall* v. *Graham*, 62 *Ga.* 730-731; *Hunt* v. *Hardwick*, 68 *Ga.* 104.)

2. The amended plea is vicious in another respect.  It does not allege an offer to make restitution to the plaintiff upon the discovery of its alleged conduct.  One cannot elect to rescind an agreement upon the ground that he was induced to enter into it in consequence of the fraud of the adverse party, and at the same time elect to keep the fruits of the fraudulent agreement.  As has been said by a learned judge, "Restitution before absolution is as sound in law as in theology."  Nor must this restitution be long delayed.  It will not do to say at the time the case comes on for trial, that the defendant then offers to restore the plaintiff his piano.  The plaintiff, if obliged to receive it in return, was entitled to restitution at an earlier stage; and the defendant having neither restored nor offered to restore it to the plaintiff upon the discovery of the alleged fraud, he will be held to have elected to keep the instrument, and the law elects for him that he shall pay for it.

*Judgment affirmed.  All the Justices concurring.*