## 40263. GREEN HOTELS, INC. v. CITIZENS & SOUTHERN NATIONAL BANK, for use, etc.

Decided September 4, 1963.

*Walker & Yancey, Fred H. Walker, Green, Babcock & Dukes, Charles A. Dukes, Jr.,* for plaintiff in error.

*J. Lundie Smith, Oris D. Blackburn, Jr., Franklin, Barham, Coleman, Elliott & Blackburn,* contra.

FELTON, Chief Judge. ■ The first judgment to which the defendant excepts is the sustaining of the general demurrer to and dismissal of its amended answer and counterclaim. The answer

is an attempt to deny the validity of the contract evidenced by the written lease agreement on the grounds that it was procured by fraud and deceit. "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." *Code* § 20-906. Regardless of when the fraud was in fact or by law discovered, since the answer does not allege that the defendant at any time restored or offered to restore whatever he had received by virtue of the contract, it does not show that the contract had been rescinded and therefore raised no issuable defense to the suit on the contract.

The counterclaim was based upon alleged breaches of the contract by the lessor, thereby assuming the validity of the contract. The first contention made—that the defendant's liability for taxes was made subject to the condition precedent in the lease, unfulfilled by the plaintiff, that the parties would jointly employ an attorney to attempt to obtain a reassessment and lowering of the tax rates—is without merit. Although the lease provides for the joint employment of an attorney, this is not made a condition precedent. Furthermore, the defendant alleges neither that it was ready, willing and able to fulfill its part of the agreement of joint employment nor that such a lowering of tax rates in fact could have been accomplished.

The second contention—that the lessor covenanted in paragraph 7 of the lease that "no major repairs to said hotel are necessary," whereas the defendant was obliged to make certain alleged repairs—is likewise without merit. Paragraph 7 provides, in its entirety, as follows: "Compliance with orders, regulations, etc. The Lessor covenants that the said premises, as of the date of the commencement of this lease, comply with all orders, regulations, ordinances and requirements of the Federal, State and local governments, and of each of them, and of any and all of their or either of their departments, bureaus or officials, and *the Lessor further covenants that no major repairs are necessary* or have been ordered or are about to be ordered by the Federal, State or local governments, *to be made to the premises in order to make it comply with health, fire or other regulations;*

and the Lessee covenants that, subject to the keeping of the covenants herein made by the Lessor, that it will keep the said property in such a manner as it will comply with all the orders, regulations, ordinances and requirements of such Federal, State and local requirements; however, this does not mean that it will be forced to make major or structural alterations or repairs." (Emphasis supplied.)   The intent of this paragraph, gathered from both its heading and its content, seems to be to maintain at all times the compliance of the premises with all orders, regulations, ordinances and requirements of the various governments, so that the alleged portion thereof, read in the context of the entire paragraph, covenants that "no major repairs are necessary . . . to be made to the premises *in order to make it comply with health, fire or other regulations.*"   (Emphasis supplied.) Since the answer does not allege that the repairs allegedly made by the defendant were necessary in order to make the premises comply with "health, fire or other regulations," it does not allege a breach of the contract.   The court did not, therefore, err in its judgment sustaining the general demurrer to the defendant's answer and counterclaim as amended.

■ The court did not err in its judgment allowing the plaintiff lessor to amend its petition so as to make the bank to which the lease had been assigned the party plaintiff, suing for the use of the lessor.   Under the provisions of *Code* § 81-1307, when it becomes necessary for the purpose of enforcing a plaintiff's rights, he may amend by substituting the name of another person in his stead, suing for his use.   A new plaintiff, suing for the use of the former plaintiff, may be made by amendment; the amendment is sufficiently certain, if the pleadings contain sufficient allegations to enforce the verdict.   *Winter v. Matthews, Burke & Cameron,* 41 Ga. 652 (1).   "Since such an amendment is allowable for the designated purpose 'of enforcing the rights of such plaintiff,' some showing should be made to the court that some right of the original plaintiff is connected with the cause of action he desires to assert in the name of the nominal party to be substituted; but this right need not be so perfect as to be capable of direct enforcement, either in law or in equity."   *Atlantic C. L. R. Co. v. Hart Lumber Co.,* 2 Ga. App. 88, 89 (1) (58 SE

316). "In a suit upon a chose in action by the holder of the equitable title thereto, the plaintiff may amend his declaration by adding the name of the person who holds the legal title, suing for his use." *Germania Bank v. Collins, Grayson & Co.*, 113 Ga. 1010 (39 SE 421); *Franklin v. Mobley*, 73 Ga. App. 245, 250 (36 SE2d 173) and cit.

■ The court did not err in its judgment overruling the defendant's motion to arrest the court's order striking the defendant's answer as amended because the answer raised no issuable defense, as held in Division 1, supra.

■ In the absence in the record of the substance of the amendment offered by the defendant, it is impossible to rule on the judgment of the court in overruling the defendant's motion to amend. "Where error is assigned on the judgment of the trial court disallowing an amendment, and the substance of the amendment is not brought up, either in the record or the bill of exceptions, no question is presented for decision." *Byrom v. Ringe*, 83 Ga. App. 234 (3) (63 SE2d 235); *Readdick v. Forsythe*, 52 Ga. App. 54 (2) (182 SE 407).

■ There being some evidence to support the verdict, the court did not err in its judgment overruling the general grounds of the motion for new trial.

Special ground 1 of the amended motion for new trial, complaining that it was not proved that the original plaintiff was a valid corporation existing under the laws of Georgia, is without merit. "The existence of a corporation can only be denied by a plea of nul tiel corporation." *Watkins Co. v. Seawright*, 40 Ga. App. 314, 315 (3) (149 SE 389) and cases cited.

Special ground 2 of the amended motion for new trial complains that it was not proved that the substituted plaintiff was a national banking corporation, organized under the laws of the United States with offices and place of business in the City of Valdosta, Ga. This ground is likewise without merit, for the reason that proof of the above facts is not essential to recovery in this case, wherein the plaintiff is suing as the assignee of a lease. Grounds 3 and 4, complaining that the plaintiff had no right to sue on or recover under the lease, are without merit for the same reason, i. e., that the assignment of the lease, which

the defendant attached as an exhibit to his pleadings, did not purport to be an absolute transfer of the lease, but was merely an assignment as security for a debt, thereby giving the plaintiff the legal interest on which to sue in its name, and the lessor the equitable interest, so that the plaintiff could sue for the use of the lessor.

Special ground 5 of the amended motion for new trial alleges that the plaintiff failed to prove that there was any rent or taxes due under the terms of the lease. The lessor's president, as the plaintiff's witness, testified that the record of the rent account which he had with him in court indicated that the amount of unpaid rent was the same amount for which the suit prayed, that he had demanded payment and that it had not been paid. He also testified that the taxes, which the defendant agreed to pay under the terms of the lease which was introduced into evidence, had not been paid by the defendant although demand had been made therefor, and that they remained unpaid in the amount alleged in the petition. The defendant having offered no proof of payment of these items, the plaintiff's evidence was sufficient proof of their nonpayment. Furthermore, the defendant had already admitted in its counterclaim that it had not paid the taxes because, as it contended, payment was subject to a condition precedent with which the lessor had not complied. Our ruling above that the defendant's liability for taxes was independent of any obligation on the part of the plaintiff leaves the defendant with an admission of nonpayment of the taxes. Similarly, since the defendant's amended answer and counterclaim raised no issuable defense, there were no issues of fact to be submitted to the jury; therefore the court did not err in its judgment directing the verdict in favor of the plaintiff and in overruling ground 6 of the amended motion for new trial, which excepts to the direction of the verdict.

None of the judgments complained of being erroneous, all of them are affirmed.

*Judgments affirmed. Hall and Russell, JJ., concur. Eberhardt, J., disqualified.*