## 60644. WILSON v. MILAM.

Shulman, Judge.

On June 16, 1978, defendant entered into an agreement with plaintiff to purchase plaintiff's accounting practice. The purchase price was to have been one year's prospective monthly fees (collected from certain named clients) from July 1, 1978 through June 30, 1979, to be paid over a period of 80 months. On December 7, 1978, defendant informed plaintiff by certified letter that he would no longer honor the contract of purchase because of what he felt were numerous discrepancies between that for which he contracted and that which he actually received.

Defendant offered a new purchase price for the purchase of the business, but plaintiff rejected the offer and brought this action to enforce the parties' original agreement.

From the grant of plaintiff's motion for summary judgment awarding plaintiff $57,569 in damages, defendant appeals. We affirm.

1. Plaintiff contends that defendant, in his letter of December 7, 1978, repudiated the contract. Plaintiff submits that thereafter he had the option of either "accept[ing] [defendant's] anticipatory breach as tendered and su[ing] at once for damages, or . . . treat[ing] the contract as remaining in force for the purpose for which it was made." *Szabo Assoc. v. Peachtree-Piedmont Assoc.,* 141 Ga. App. 654, 655 (234 SE2d 119). Plaintiff thus contends that he was within his rights in accepting defendant's anticipatory breach as tendered and suing defendant for damages.

Defendant, on the other hand, submits that his refusal to abide by the terms of the parties' original agreement, as indicated in his letter, did not constitute a repudiation or breach of that agreement, but that such letter (and defendant's concomitant refusal to honor the agreement) constituted a rescission of the contract, properly premised upon defendant's fraudulent omissions regarding the status of his business, resulting in a failure of consideration. However, defendant's allegations of fraud notwithstanding, since defendant failed either to offer or tender the value of what he received pursuant to the contract (from the date the contract began until the date of the attempted rescission), he is precluded from relying on rescission as a defense to the grant of plaintiff's motion for summary judgment on the contract. *Green Hotels, Inc. v. C. & S. Nat. Bank,* 108 Ga. App. 286 (132 SE2d 800).

Inasmuch as defendant's delay in failing to offer restitution amounts to a waiver of his objection to the contract on the grounds asserted, we find no error on this basis in the trial court's grant of

summary judgment in favor of plaintiff. *Smith v. Estey Organ Co.,* 100 Ga. 628 (1,2) (28 SE 392); *Ruff v. Copeland,* 137 Ga. 56, 59 (72 SE 506).

2. Defendant asserts that plaintiff's suit was premature on the ground that when suit was brought, the time had not yet expired for defendant to make payment for the purchase of the business as required under the parties' original agreement (and amendments thereto). We disagree.

Defendant's letter of December 7, 1978, wherein he declared his intention not to be bound by the parties' original agreement, constituted defendant's repudiation of that agreement and, as stated in *Szabo Associates, Inc.,* entitled plaintiff to elect either to accept the anticipatory breach as tendered or to treat the contract as remaining in force. Thus, plaintiff's immediate acceptance of the breach as tendered was authorized and warranted his bringing the present cause of action even prior to the date defendant's performance became mandatory.

3. Nor can we agree that the amount of the award was improper in that the court failed to consider and deduct the sum of $1,900 from the award. That sum was allegedly expended by defendant for billing services which plaintiff had contractually agreed to provide. Since defendant informed plaintiff that he did not desire plaintiff's billing services, plaintiff cannot be held accountable, under the circumstances, for the additional expense defendant incurred in billing his clients. Nor do we otherwise find error in the court's computation of the amount of damages, including the addition of attorney fees. The judgment of the trial court granting plaintiff's motion for summary judgment is therefore affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 17, 1980 — DECIDED NOVEMBER 5, 1980 —

*Don E. Snow,* for appellant.
*Gary W. Bross,* for appellee.