A96A1295, A96A1296. CARING HANDS, INC. et al. v.
DEPARTMENT OF HUMAN RESOURCES; and vice versa.
(475 SE2d 660)

McMURRAY, Presiding Judge.

At the behest of plaintiff, the Georgia Department of Human Resources ("DHR"), on November 11, 1993, defendants Caring Hands, Inc., Wayne Putnam, and June Putnam were permanently enjoined from operating a personal care home for more than the six ambulatory elderly patients for which their facility in Ranger, Gordon County, was licensed by DHR. Defendants were further ordered to take immediate steps to relocate those patients then living at defendants' home over and above this licensed capacity. The superior court subsequently held defendants in wilful contempt because they made no attempt to accomplish relocation of the personal care home's unauthorized residents. On the previous appeal, this Court held that the superior court's injunction was "a manifest abuse of discretion by that court because the order provides no detailed guidance to defendant [Caring Hands], its residents or their families as to how they are to effectuate the relocation[, and because the] order also fails to set out any reasonable timetable within which [the] relocation should be completed." *Caring Hands v. Dept. of Human Resources*, 214 Ga. App. 853, 857 (1) (449 SE2d 354). Consequently, the case was remanded with direction that the parties submit plans for an orderly, efficient, and safe relocation of the residents. "Upon review of the two plans, the [superior] court [was directed to] issue another injunctive order, which shall be specific as to the court's findings warranting

the grant of injunctive relief, and shall be detailed as to the acts that each party shall perform in effectuating relocation." Id. at 859 (1). The superior court's finding that defendants were in contempt of its impermissibly vague mandatory injunction also was set aside, even though it was "clear from the record that the Putnams and defendant [Caring Hands] essentially made no attempt to accomplish relocation of the residents located at the unlicensed portion of defendant[s'] facility or otherwise comply with the [superior] court's order." Id. at 859 (2).

Upon remand, on December 16, 1994, the superior court entered a detailed and specific order for mandatory injunction, directing the steps to be taken so that defendants' facility has no more than the six personal care patients authorized by the existing license as of March 3, 1995. This reissued injunction was affirmed on direct appeal in an unpublished decision. *Caring Hands Personal Care Home v. Ga. Dept. of Human Resources*, 218 Ga. App. XXX (1995). In December 1995, defendants were again held in contempt of the superior court's injunction to relocate those residents for which the facility was not licensed. In Case No. A96A1295, defendants appeal from the renewed citation for contempt of the superior court's relocation order. In Case No. A96A1296, the DHR cross-appeals. *Held*:

## Case No. A96A1295

1. The propriety of injunctive relief is the law of the case because of this Court's earlier rulings directing the superior court to enter a detailed order justifying the injunction and subsequent decision affirming the entry of that reissued injunction. "Thus, in this civil action, the [superior] court, as well as this Court, would certainly be bound by the [previous] ruling[s] in [*Caring Hands v. Dept. of Human Resources*, 214 Ga. App. 853, supra, and *Caring Hands Personal Care Home v. Dept. of Human Resources*, 218 Ga. App. XXX, supra], regardless of whether [those] ruling[s] may be erroneous. See *Northwestern Mut. Life Ins. Co. v. Suttles*, 201 Ga. 84, 97 (1) (38 SE2d 786) (1946); *Southern Bell Tel. &c. Co. v. Glawson*, 140 Ga. 507, 508 (1) (79 SE 136) (1913)." *Roulain v. Martin*, 266 Ga. 353 (1), 354 (466 SE2d 837). Consequently, defendants' first, fourth, and fifth enumerations of error are rendered moot. OCGA § 5-6-48 (b) (3).

2. Defendants contend the trial court erred in "failing to determine that the actions taken by Wayne Putnam and June Putnam showed their respect for the Court rather than contempt," and further erred in assessing a fine against defendant Caring Hands.

The entire argument in support of these enumerations consists of the following: "The citations of law and authority are related in Part I (STATEMENT OF FACTS AND COURSE OF PROCEED-

INGS BELOW) and are adopted herein as though more fully set forth."

"'Argument' is defined as 'a reason given in proof or rebuttal,' or 'a coherent series of reasons offered.' Webster's New Collegiate Dictionary (1976). Clearly, the central element in those definitions is 'reason.'" *Haskins v. Jones*, 142 Ga. App. 153 (1) (235 SE2d 630). "A mere statement of what occurred during the trial, and the contentions of the appellant, does not constitute an argument in support of such contentions. . . . The failure to support the enumerated errors by citation of authority or argument . . . constitutes an abandonment of such enumerated errors. . . . *Rodriguez v. Newby*, 131 Ga. App. 651 (5) and cits." *O'Kelley v. Hayes*, 132 Ga. App. 134 (1) (b) (207 SE2d 641). In the case sub judice, defendants "have stated what they *feel* the result of the case *should* be but have not supplied the reason [why the superior court's finding of contempt, which was supported by the record, should be set aside]. By the rules of this [C]ourt, those portions of their enumeration[s] of error which are unsupported by argument or citation of authority [with respect to the superior court's finding of wilful contempt] must be deemed abandoned. [Court of Appeals Rule 27 (c) (2)]." (Emphasis in original.) *Haskins v. Jones*, 142 Ga. App. 153 (1), supra.

### Case No. A96A1296

3. Our affirmance of the judgment in the main appeal, Case No. A96A1295, renders moot all issues raised in this cross-appeal. "Accordingly, the appeal in Case No. [A96A1296], [DHR's] cross-appeal, 'is hereby dismissed pursuant to OCGA § 5-6-48 (b) (3).' *Kubler v. Goerg*, 197 Ga. App. 667, 671 (5) ([399] SE2d 229)." *Kemira, Inc. v. Williams Investigative &c. Svcs.*, 215 Ga. App. 194, 200 (4) (450 SE2d 427).

*Judgment affirmed in Case No. A96A1295. Appeal dismissed in Case No. A96A1296. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 15, 1996 —
RECONSIDERATION DENIED AUGUST 27, 1996 —

*Edwin Marger*, for appellants.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Mary F. Russell, Velma C. Tilley, Assistant Attorneys General*, for appellee.