### A96A1966. JOHNSON v. KAPLAN et al.
(483 SE2d 292)

SMITH, Judge.

Floyd Johnson, the owner of two residential units at the Landmark Condominiums in Atlanta, brought suit against Jo Kaplan and Jim Williams, d/b/a Kaplan-Williams Parking Lot, alleging that the defendants' reconfiguration of the parking spaces appurtenant to the condominium violated an order of the Superior Court of Fulton County entered in prior litigation and affirmed by the

Supreme Court in *Kaplan v. Helton*, 261 Ga. 524 (407 SE2d 747) (1991). Johnson sought to hold the defendants in wilful contempt of the order affirmed in *Helton*. He also sought an injunction ordering the defendants to return the parking spaces to the prior configuration, as well as attorney fees.

Following a bench trial, the trial court ruled that the prior order did not prevent the reconfiguration and denied Johnson the relief he sought. Johnson appealed the trial court's order to the Supreme Court, but that court found that the injunctive relief sought was ancillary to the issue of whether defendants were in contempt of the prior order. Finding no other basis for jurisdiction, the Supreme Court transferred the appeal to this Court.[1] Upon review, we conclude that the trial court erroneously interpreted the *Helton* order, and we reverse.

1. In 1974, the developer of the Landmark Apartments converted the units from rental apartments to condominiums. When the apartments were converted to condominiums, the developer retained ownership of the parking garage. The original declaration of condominium and subsequent declarations provided that the owner of each unit was entitled to one parking space under a revocable license. The declaration provided that the license could not be revoked, however, except upon the occurrence of one of three conditions, none of which is applicable to this case.

Since 1974, ownership of the parking facility has changed several times; defendants are the current owners. Johnson is one of several unit owners who were plaintiffs in *Helton*. That action arose when appellees herein, the owners of the parking facility, raised the monthly parking fees and the plaintiff unit owners sought a ruling that the increases imposed by the defendants were in violation of the declaration of condominium. In the order entered in *Helton*, the trial court ruled for the plaintiffs, finding increases in parking fees were limited to amounts determined by the method set forth in the declaration: multiplying the base rate originally set forth in the declaration by the published percentage increase in the Consumer Price Index.

Johnson initiated this action in 1994 when appellees reconfigured the parking lot to add additional spaces, changing the angle of the spaces and reducing the width of the existing spaces from nine feet to seven feet. He contended that the new configuration was unsafe and inconvenient, and that these changes constituted wilful contempt of the order affirmed by the Supreme Court in *Helton*. In

---

[1] After docketing in this Court, the appeal was remanded to the trial court for supplementation of the record and then returned for adjudication.

addition to settling the issue concerning parking fee increases, the *Helton* order set forth other rights of the unit owners relative to parking. It recited that each unit owner had "a right to one assigned space per unit as an easement right that runs with the condominium unit ownership as well as the land of the ([defendants])." Id. at 524, 525, n. 1.

Appellees, on the other hand, argued that they were free to make any changes to the parking lot, so long as each unit owner remained entitled to a single assigned parking space; the trial court agreed. The trial court interpreted the *Helton* order as meaning that the unit owners "cannot be divested of their right to have an assigned parking space in the Landmark parking lot(s). However, [the superior court] did not rule nor does this Court find a proper interpretation of his ruling to be that defendants cannot reconfigure or reassign parking lot spaces under reasonable circumstances." We do not agree.

The plain language of the order in *Helton* recited specifically that appellees were "bound and estopped now by the conduct of their grantors from *changing the present assignment of parking spaces from those individuals presently using the spaces. The [appellees] may create a reasonable and rational system to assign or reassign parking spaces in the future as existing condominium owners sell such units or drop their rental of existing space, but they cannot take away existing assigned spaces, because such renters have acquired a vested interest in such space on a month to month basis as long as they continue to pay the appropriate rent.*" (Emphasis supplied.)

In affirming the order, the Supreme Court relied upon *Thomason v. Kern & Co.*, 259 Ga. 119 (376 SE2d 872) (1989), and *Tietjen v. Meldrim*, 169 Ga. 678 (151 SE 349) (1929), both of which concern easements. *Helton*, supra at 525 (2). It follows, therefore, that the Supreme Court agreed that the unit owners' rights in their assigned parking spaces were not mere licenses, but easements. While we might agree that the changes were reasonable, we are constrained by the principles of res judicata and collateral estoppel to adhere to the holding in *Helton* that the unit owners have an easement — an interest not subject to alteration, notwithstanding the reasonableness of any such alteration. *Thomason*, supra at 120. Except under limited circumstances not applicable here, just as the dimensions of the individual apartments could not be changed once acquired by the unit owners, changes in the dimensions of the already assigned parking spaces to accommodate additional spaces were foreclosed by the existence of the unit owners' easements. The trial court erred in its interpretation of the *Helton* order.

We note that the defenses to a civil contempt action, in addition to comprising arguments that the order was not violated and that the order was not definite and certain, include the argument that the vio-

lation was not wilful. *Roberts v. Roberts*, 206 Ga. App. 423, 424 (2) (425 SE2d 414) (1992). We have determined that the first two possible defenses were not meritorious in this case. Although the trial court did not address the issue of wilfulness, appellees readily admit they were aware of the contents of the order in *Helton*; they merely mistakenly believed that despite its clear provisions, the order allowed them to alter the parking spaces. This is insufficient to avoid a finding of wilfulness. See generally *In re Smith*, 211 Ga. App. 493, 497 (4) (b) (439 SE2d 725) (1993). The judgment of the trial court is therefore reversed with regard to contempt.

2. For the reasons discussed in Division 1, the trial court also erred in denying Johnson's application for an injunction ordering appellees to restore the parking deck to its original configuration. This case is remanded to the trial court for entry of such an order.

3. Contrary to Johnson's contention, attorney fees are not awardable in conjunction with a citation for contempt. OCGA § 15-6-8; *Eckerd Corp. v. Fayette County Bd. &c.*, 220 Ga. App. 454, 456 (3) (469 SE2d 285) (1996).

*Judgment reversed and remanded with direction. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 12, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997 —

*Crim & Bassler, Candler Crim, Jr., Paul L. Hanes, M. Muffy Blue*, for appellant.
*Louis Levenson*, for appellees.