A97A1554, A97A1555. SHERRER v. CITY OF PULASKI et al.; and vice versa.
(491 SE2d 129)

McMURRAY, Presiding Judge.

Plaintiff John Sherrer brought this action for declaratory judgment against the defendant City of Pulaski, Georgia, and its mayor and city council members, alleging that on September 20, 1993, the council "voted to prohibit all sales of beer and wine in the City Limits," allegedly without prior published notice of the meeting. The complaint further alleged that the "City of Pulaski does not meet the minimum standards for maintaining a charter as a City under OCGA § 36-30-7.1." Specifically, plaintiff alleged that all municipal services such as law enforcement, road and street construction and maintenance, solid waste collection and disposal, and recreational services were actually performed by Candler County, as "would be provided for any unincorporated portion of Candler County. . . ." Plaintiff demanded that the City Charter be dissolved and that any ordinance adopted at the meeting of September 20, 1993, be declared "void upon its face."

Defendants denied the material allegations and, after discovery, moved for summary judgment. As to any violation of the Open Meetings Act, OCGA § 50-14-1 et seq., defendants argued that plaintiff's claim was time barred. As to plaintiff's contention that the City should be declared an inactive municipality, defendants supported their motion with the affidavit of defendant Monte Tillman, who was elected Mayor of the City of Pulaski in 1989. Mayor Tillman identified the wine and malt beverages ordinance adopted at the September 20, 1993 city council meeting and also identified a document dated June 28, 1994, in which the "City of Pulaski reduced to writing

its prior oral agreement with Candler County, wherein Candler County agreed to provide the City of Pulaski with law enforcement, road construction and maintenance, solid waste collection, and recreational services in return for the city remitting its one percent sales tax revenue to the county." Mayor Tillman deposed he "completed the municipal certification forms for the City of Pulaski and forwarded them to the Georgia Department of Community Affairs," that the City "holds at least six regularly officially recorded public meetings each year," and that the City "qualifies for and holds regular municipal elections as provided by law." Defendants also submitted the affidavit of John Ellis, a consultant to the Georgia Department of Community Affairs. Ellis "reviewed the municipal certification forms submitted by the City of Pulaski." "Based on [that] review of the City of Pulaski's application . . ., [Ellis] determined the City of Pulaski met the requirements of O.C.G.A. § 36-30-7.1 and placed [the City] on the list to be certified as an active municipality with the Secretary of State." In a letter dated November 15, 1994, Mayor Tillman was informed by Commissioner Jim Higdon of the Department of Community Affairs that the City of Pulaski "is a Certified Active Municipality in the State of Georgia."

Although plaintiff rejoined that the contract for services between Candler County and the City was void for lack of consideration, the trial court concluded that the City "does meet all the requirements of an active municipality," and granted defendants' motion for summary judgment. In Case No. A97A1554, plaintiff appeals, and in Case No. A97A1555, the defendant City, its mayor and council members cross-appeal. *Held*:

### Case No. A97A1554

1. In three related enumerations, plaintiff contends the trial court erred in granting summary judgment. He argues that the trial court misplaced the burden of proof, misconstrued OCGA § 36-30-7.1, and erroneously failed to declare the City's contract for services to be void. We disagree.

(a) "An active municipality is any incorporated municipality in this state the governing body of which meets *each* of the following minimum standards: (1) Provides at least three of [certain specified] services, either directly or by contract[;] . . . (2) Holds at least six regular, monthly or bimonthly, officially recorded public meetings within [a] 12[-month period]; . . . and (3) Qualifies for and holds a regular municipal election as provided by law. . . ." (Emphasis supplied.) OCGA § 36-30-7.1 (b). Here, the affidavit of Mayor Tillman that the City holds regular officially recorded meetings and qualified elections is uncontradicted. Consequently, there is no genuine issue

of material fact whether the City meets the criteria established in subsection (b) (2) and (3) of OCGA § 36-30-7.1.

(b) In order for the City of Pulaski to qualify as an active municipality it must provide, either directly or by contract, at least three of the following services: law enforcement; fire protection and fire safety (including volunteers); road and street construction or maintenance; solid waste management; water supply or distribution or both; waste water treatment; storm water collection and disposal; electric or gas utility services; and enforcement of building, housing, plumbing, electrical, and other similar codes. OCGA § 36-30-7.1 (b) (1) (A) through (I).

There is no evidence to contradict the affidavit of Mayor Tillman that the City of Pulaski contracts with Candler County to provide "[l]aw enforcement service from the Candler County Sheriff's Department[;] Road and street construction and maintenance by the Candler County Road Department[;] Solid waste collection and disposal by the Candler County Solid Waste Department [and] Recreational services by the Metter-Candler Recreation Department." According to the signed agreement between the City and Candler County, the County provides these services "[i]n consideration for the County's receipt of Pulaski's one percent sales tax program. . . ." Consequently, plaintiff's argument that this agreement is void for lack of consideration is without merit.

Nevertheless, plaintiff argues the consideration recited is not sufficient, arguing that because "Candler County is required to provide certain minimum services for all of its citizens," the County is only agreeing to perform services it would have performed anyway for citizens in unincorporated Candler County. We find this unpersuasive. "No county may exercise any of the powers listed in subparagraph (a) of this Paragraph or provide any service listed therein inside the boundaries of any municipality or any other county *except by contract* with the municipality or county affected." (Emphasis supplied.) 1983 Ga. Const., Art. IX, Sec. II, Par. III (b) (1). Based upon defendants' uncontradicted showing that the City of Pulaski meets the requirements of an active municipality under OCGA § 36-30-7.1 (b), the trial court correctly granted summary judgment.

### Case No. A97A1555

2. Our affirmance in the main appeal, Case No. A97A1554, renders moot the issue raised in this cross-appeal. OCGA § 5-6-48 (b) (3); *Kubler v. Goerg*, 197 Ga. App. 667, 671 (5) (399 SE2d 229). Consequently, Case No. A97A1555 is dismissed. *Caring Hands v. Dept. of Human Resources*, 222 Ga. App. 608, 610 (3) (475 SE2d 660).

*Judgment affirmed in Case No. A97A1554. Appeal dismissed in*

*Case No. A97A1555. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 8, 1997.

*Thomas M. Odom, Evelyn S. Hubbard,* for appellant.
*Jones & Smith, David N. Nelson,* for appellees.