### A98A1633. KAPLAN et al. v. JOHNSON.
(506 SE2d 391)

MCMURRAY, Presiding Judge.

Prior judicial decrees declared that condominium owners such as plaintiff Floyd A. Johnson held an easement in assigned parking spaces as an appurtenance to condominium ownership, "conditioned upon the continued payment of parking charges." *Kaplan v. Helton*, 261 Ga. 524, 525 (2), fn. 2 (407 SE2d 747). Plaintiff Johnson subsequently initiated this contempt citation, alleging that defendants Jo Kaplan, Robert L. Pitts, and Jim Williams d/b/a Kaplan-Williams Parking Lot, were in wilful contempt because "Defendants have repainted the parking space lines . . . resulting in . . . substantially smaller spaces, and the relocation of the existing spaces. . . . Plaintiff's space . . . has been relocated and reduced from nine (9) feet wide to approximately seven (7) feet wide. The substantially smaller space makes it difficult for Plaintiff to park and exit his vehicle."

The trial court did not construe the original court order, as affirmed by the Supreme Court of Georgia, ("the *Helton* order") to mean that "defendants cannot reconfigure or reassign parking lot spaces under reasonable circumstances," and denied plaintiff's application for contempt. But this Court reversed that denial, holding the "trial court erred in its interpretation of the *Helton* order." *Johnson v. Kaplan*, 225 Ga. App. 53, 54 (1), 55 (483 SE2d 292). This Court fur-

ther held "the trial court erred in denying [plaintiff] Johnson's application for an injunction ordering [defendants] to restore the parking deck to its original configuration[, and] remanded [the case] to the trial court for entry of such an order." *Johnson v. Kaplan*, 225 Ga. App. 53, 56 (2), supra.

Upon remand, the trial court found defendants in wilful contempt of the *Helton* order; provided that defendants "may purge themselves of contempt by restoring the parking deck at the Landmark Condominiums to its original configuration. . . ." Defendants were further "enjoined and restrained from maintaining the parking spaces in their present configuration, and [were] permanently enjoined from realigning the parking spaces to deprive Plaintiff of his easement as defined in *Helton*." Defendants appeal from this finding of contempt. In two related enumerations of error, defendants contend the trial court erroneously expanded the scope of the *Helton* order to afford relief "to non-party individuals who brought no claims at the Trial Court level." *Held*:

We do not dispute the circumstance that plaintiff Floyd A. Johnson did not qualify as a class representative for all plaintiffs whose interests were identified in the *Helton* order. The judgment under review, by its express terms, applies only to plaintiff's interests, and not to all *Helton* plaintiffs. Nevertheless, under the two express holdings of this Court in the prior appeal, the propriety of the finding of contempt and the entry of a permanent injunction became the law of the case. " 'Thus, in this civil action, the (superior) court, as well as this Court, would certainly be bound by the (previous) ruling(s) in ([*Kaplan v. Helton*, 261 Ga. 524, supra, and *Johnson v. Kaplan*, 225 Ga. App. 53, supra]), regardless of whether those rulings may be erroneous [or the extent of our previous direction overbroad]. [Cits.]' [Cit.]" *Caring Hands v. Dept. of Human Resources*, 222 Ga. App. 608, 609 (1) (475 SE2d 660). The decision of the appellate court, and any direction awarded, shall be respected and in good faith carried into full effect by the court below. *Eastgate Assoc., Ltd. v. Piggly Wiggly Southern*, 200 Ga. App. 872, 873 (1) (410 SE2d 129). That is precisely what happened in the case sub judice.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 21, 1998.

*Louis Levenson*, for appellants.
*Crim & Bassler, Candler Crim, Jr., Paul L. Hanes*, for appellee.