A99A1084, A99A1085. WIDENER et al. v. ASHKOUTI;
and vice versa.
(521 SE2d 215)

McMurray, Presiding Judge.

In a written agreement, plaintiff Gerald J. Ashkouti agreed to purchase certain real estate from defendants Patricia Marie Widener and Janet Widener Sims, Trustees of the Item VI Trust under the will of Marie Louise Browne Widener. When no closing took place within 45 days after the Gwinnett County Commission refused to rezone the property as plaintiff desired, defendants considered the agreement expired, returned plaintiff's escrow money, and sold the property to a third party. Plaintiff sued for an alleged anticipatory breach of the sales agreement, and in *Ashkouti v. Widener*, 231 Ga. App. 539, 541 (2), (3) (500 SE2d 337), this Court reversed the grant of summary judgment to defendants, concluding that, under the undisputed facts, the sales agreement as amended was not terminated at the time defendants repudiated it, and that plaintiff was authorized to waive the failure of any condition precedent in his favor (such as rezoning). Once that condition precedent was waived, the purchase price under the amended agreement was fixed at $3,000,000. Id. at 541-542 (3). The case was remanded for further proceedings. Id. at 542 (4). Plaintiff's motion for partial summary judgment as to defendants' liability for breach of contract was granted, and defendants appeal. *Held*:

### Case No. A99A1084

In two related enumerations of error, defendants contend the trial court erred in concluding that a valid, enforceable contract existed between the parties and further erred in concluding that defendants had breached that contract.

1. The existence of a valid, enforceable contract is the law of the case, based on this Court's decision in the prior appeal, deciding all contentions raised adversely to defendants.

"The law of the case rule is abolished; but . . . any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). Thus, in this civil action, the superior court, as well as this Court, would certainly be bound by the previous rulings in *Ashkouti v. Widener*, 231 Ga. App. at 540, supra, regardless of whether defendants contend those rulings may be erroneous. *Kaplan v. Johnson*, 234 Ga. App. 93, 94 (506 SE2d 391); *Caring Hands v. Dept. of Human Resources*, 222 Ga. App. 608, 609 (1) (475 SE2d 660).

2. Since it is undisputed that defendants refused to rescind their

sales agreement with the third party after plaintiff informed them, during the existence of the contract as extended by amendment, of his waiver of the rezoning condition precedent, it follows the trial court correctly granted partial summary judgment as to liability against defendants for their unqualified anticipatory repudiation of the executory real estate sales agreement with plaintiff. *Clark v. Cox*, 179 Ga. App. 437-438 (1) (347 SE2d 4); *Wilson v. Milam*, 156 Ga. App. 328 (1) (274 SE2d 720); see also *Szabo Assoc. v. Peachtree-Piedmont Assoc.*, 141 Ga. App. 654 (1), 656 (234 SE2d 119).

### Case No. A99A1085

3. In this cross-appeal, plaintiff contends the trial court erred in denying his motion for summary judgment as to the amount of damages. He argues the subsequent sale of the property for $3,200,000 conclusively establishes the fair market value of the property, resulting in fixed damages to him of $200,000. We disagree.

"It has long been the rule that the measure of damages for breach of a contract to sell land is the difference between the contract price and the fair market value of the land *at the time of the breach.* [Cits.]" (Emphasis supplied.) *Quigley v. Jones*, 255 Ga. 33 (334 SE2d 664). "Value on the date of [the breach] is a factual question to be resolved by the trior of fact. [Cit.]" *Sparti v. Joslin*, 230 Ga. App. 346, 348 (3) (a) (496 SE2d 490).

> We judicially know that values do fluctuate, sometimes up and sometimes down. If this were not so, proof of the market value of any item at a given time would suffice for all time to come. Real estate, as well as stocks and bonds, fluctuates in value, albeit at a less rapid pace. What it may have brought or what it may have been regarded as being worth on the market at times relatively close to the date [of the breach] may be considered as aids in arriving at market value at the time of [the breach] — which is what the [trior of facts] is charged with determining in [this action for breach of a real estate sales contract]. But at last value on the date of [the breach] is a factual question to be resolved by the trior of facts.

*Thompson v. Maslia*, 127 Ga. App. 758, 764 (4) (195 SE2d 238) (whole court). Consequently, even testimony of the sale of the identical parcel at a different price and time fails to establish as a matter of law the precise market value as of the date of the breach. There may be only one buyer willing to pay the price accepted by defendants. There are other variables: the availability of loans (or the need for one); interest rates; or other special requirements. *Smith v. Fidelity Fed.*

*Sav. &c. Assn.*, 149 Ga. App. 730, 731 (256 SE2d 43). In the case sub judice, the trial court correctly determined that proof of the actual sales price of the subject realty at a different time to a different party was not conclusive evidence of fair market value on the date of the breach. It follows that the trial court correctly declined to grant plaintiff's motion for summary judgment as to damages and prejudgment interest.

*Judgments affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 23, 1999 —
RECONSIDERATION DENIED AUGUST 6, 1999.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr.*, for appellants.

*Schreeder, Wheeler & Flint, Debbie A. Wilson, John A. Christy*, for appellee.