## A02A0483. BYRNE v. FIERMAN et al.
(568 SE2d 494)

BLACKBURN, Chief Judge.

James J. Byrne sued John A. England, his employer, and Martin L. Fierman, attorney for both Byrne and England, for the full amount of a judgment entered against him in a case involving insurance coverage, contending that England and Fierman had conspired against him by having Fierman give him inadequate legal advice and representation in the case. A jury returned a verdict in favor of Byrne and against England; no verdict was returned against Fierman. Byrne's motion for new trial, based on his contention that the trial court erred in admitting evidence of a prior unrelated judgment against him, was denied. On appeal, Byrne contends that the trial court erred in: allowing the admission of irrelevant and prejudicial evidence; refusing to give certain jury instructions; and denying his motion for an award of costs. We affirm.

1. Byrne maintains that the trial court erred in denying his motion for new trial because it allowed the admission of irrelevant and prejudicial evidence. We find no error.

"The trial court's decision on a motion for a new trial will be upheld on appeal unless it was an abuse of discretion." *Lisle v. Willis*.[1] The trial court admitted into evidence a certified copy of a judgment entered against Byrne in an unrelated case. The plaintiff in the case was a corporation. England was Byrne's co-defendant in the case, but the suit was dismissed as to him. The judgment against Byrne, still unsatisfied, was in the amount of $919,919.68.

As to relevance, it has been often stated that,

> [u]nless the potential for prejudice in the admission of evidence substantially outweighs its probative value the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it. Absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of relevance will not be disturbed on appeal.

(Citations and punctuation omitted.) *Wilson v. Southern R. Co.*[2] While the fi. fa., evidence of litigation in which Byrne and England were involved as co-defendants, is of questionable relevance, its weight should be left to the jurors.

---

[1] *Lisle v. Willis*, 265 Ga. 861, 864 (3) (463 SE2d 108) (1995).
[2] *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 604 (4) (431 SE2d 383) (1993).

Byrne's claim that the evidence was also prejudicial is evidently based on his belief that Fierman used the exhibit to suggest to the jury that a verdict in favor of Byrne against either defendant would not benefit Byrne but only enrich a corporate plaintiff. Byrne argues that since he was beyond the jury's help because of the prior judgment against him, the jury decided to award him a judgment against England, who was judgment proof and from whom he would not get a penny, and not to award a judgment against Fierman, who had assets.

Nothing, either in the record or logic, supports Byrne's contention that the jury, because it knew Byrne "had been wronged," decided to award him "a worthless, token, and meaningless judgment against England" while refusing to give him a judgment of any amount against Fierman. Contrary to Byrne's contentions, it is much more likely that the jury awarded a judgment against England and not against Fierman because it was not convinced that Fierman had violated his duty as an attorney in representing Byrne. We note that at trial, the expert on legal ethics, when presented with the facts and circumstances of this case, acknowledged that it would be "hard to say what a lawyer ought to do in those circumstances."

We also note that when Fierman asked Byrne on the stand whether he understood that the former judgment would stand as a lien against any award in the present case, the trial court, sua sponte, instructed the jury as follows:

> The Court would instruct the jury to disregard the comments from Mr. Fierman in that respect. The [plaintiff], Mr. Byrne, has not been qualified as an expert witness, as an attorney, to answer that question. He doesn't know the legal consequences of what a judgment — the effect of a judgment would be; that is, the fi. fa. would be on any judgment. That is a legal question which would require a legal construction, possibly by a court; and, therefore, you will disregard any questions in that regard and any responses that he made in that regard.

Moreover, "we conclude that, in the context of the evidence and of the issues being tried, it is unlikely that [the admission of the fi. fa.] contributed to the jury's verdict. Since [Byrne] must show harm as well as error to prevail, this enumeration of error consequently established no independent ground for reversal." (Citation omitted.) *Martini v. Nixon*.[3]

---

[3] *Martini v. Nixon*, 185 Ga. App. 328, 330 (6) (364 SE2d 49) (1987).

In connection with this enumeration of error, Byrne argues further that Fierman used the judgment against him as a basis for improper closing argument to the jury. "When allegedly improper argument is made to the jury, opposing counsel must object at trial or otherwise invoke a ruling of the trial court. Failure so to object constitutes waiver." *Verde v. Granary Enterprises.*[4] Our review of the transcript indicates that Byrne did not object, at the time it was made, to the argument he now claims to be improper. As a result, this objection is waived.

Byrne also agues that the fi. fa. should have been excluded because it was not listed in the pre-trial order. Review of the trial transcript reveals that Byrne did not raise this ground for objection at the time the copy of the judgment was offered, but instead after all parties had rested and the exhibits were being organized for the jury. "In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground. Accordingly, this issue has not been preserved for appellate review." *Trotter v. State.*[5]

2. Byrne maintains that the trial court erred in refusing to give certain jury instructions which he requested. Again, we find no error. "The trial court's failure to give a jury charge in the exact language requested is not error where the charges actually given substantially cover the principles contained in the request." *Nails v. Rebhan.*[6]

The charges which Byrne claims the court refused to give concern intent, conspiracy, and legal malpractice. Having reviewed the charge in its entirety, we find that the trial court fully and accurately instructed the jury on the issues to be decided, including the issues of intent, conspiracy, and legal malpractice. Indeed, in charging the jury on conspiracy, the trial court actually recited verbatim Byrne's own requests to charge addressing conspiracy, charge nos. 10 and 11. Because the principles in the requested charges were covered substantially, if not word for word, by the court's charge, the court did not err in refusing to give the requested charges. *Nails v. Rebhan,* supra at 22.

3. Finally, Byrne asserts that the trial court erred in denying his motion for an award of costs of transcript based on his alleged indigent status. We disagree. Byrne's indigent status does not affect his request for a transcript paid for by the State, as such expense is not a recoverable cost under the facts of this case. The Supreme Court has held "that the cost of having a transcript prepared by the court

---

[4] *Verde v. Granary Enterprises,* 178 Ga. App. 773, 774 (5) (345 SE2d 56) (1986).
[5] *Trotter v. State,* 248 Ga. App. 156, 157-158 (2) (546 SE2d 286) (2001).
[6] *Nails v. Rebhan,* 246 Ga. App. 19, 22 (3) (538 SE2d 843) (2000).

reporter is an 'expense of appeal' and that such expense is not recoverable 'costs of appeal.' " *Brand v. Montega Corp.*[7]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 7, 2002 —
RECONSIDERATION DISMISSED JUNE 27, 2002 AND RECONSIDERATION DENIED JULY 10, 2002

*Kenneth C. Pollock*, for appellant.
*Brenda H. Trammell*, for appellees.
*Martin L. Fierman*, pro se.

---

[7] *Brand v. Montega Corp.*, 233 Ga. 35 (209 SE2d 583) (1974).