A03A0506, A03A0507. MURPHY v. McCAUGHEY; and vice versa.
(586 SE2d 16)

SMITH, Chief Judge.

These appeals arise out of a dispute between two partners in a failed real estate venture. In the main appeal, Murphy appeals from the judgment entered on the jury verdict, contending that the trial court erred in allowing McCaughey to have a jury trial, in permitting him to relitigate liability, in its jury instructions, and in denying Murphy's request for prejudgment interest on the amount awarded by the jury. McCaughey cross-appeals, contending the trial court should have reduced the amount of the jury verdict by half. We do not agree with Murphy that McCaughey waived his right to a jury trial or that the trial court erred in allowing McCaughey to relitigate liability. But we agree with Murphy that because the sum awarded Murphy was in the nature of contribution, he was entitled to prejudgment interest. We therefore vacate the judgment in Case No. A03A0506 and remand the case to the trial court for the addition of prejudgment interest to Murphy's award. We do not agree with McCaughey that Murphy's award should have been reduced by half, and we affirm the judgment in Case No. A03A0507.

This case has been pending in Georgia's courts since 1988, and it has appeared in the appellate courts three times prior to this appeal. Originally, the trial court appointed an auditor to investigate the facts and report to the court pursuant to OCGA § 9-7-8. *McCaughey v. Murphy*, 225 Ga. App. 874 (485 SE2d 511) (1997) (*McCaughey*).[1] The auditor concluded that only Murphy was entitled to relief, and the trial court adopted the auditor's report and awarded Murphy 20 percent of operating costs incurred after 1986. McCaughey appealed, and in *McCaughey*, this court concluded that the auditor erred in assuming that McCaughey could withdraw from or reduce his interest in the partnership unilaterally or that he had done so, thereby limiting his liability. We held that McCaughey's interest could not be altered without complying with the partnership agreement and that the trial court had therefore erred in adopting the auditor's findings.

---

[1] Other appearances were engendered when this court originally dismissed McCaughey's appeal and Murphy's cross-appeal for their failure to follow discretionary appeal procedures. The Supreme Court reversed our ruling, *McCaughey v. Murphy*, 267 Ga. 64 (473 SE2d 762) (1996), and we vacated the dismissals in *McCaughey*. Id. at 876 (1).

Id. at 876-877 (2). This court also held in *McCaughey* that both Murphy and McCaughey had been obligated to complete the project and to provide funds, if needed, from sources other than the industrial revenue bonds originally used to finance the project. We found that the record indicated that Murphy had paid "substantially more" than McCaughey when both were equally bound. Id. at 878 (3). We therefore remanded the case for determination by the trial court of the amount of contribution McCaughey owed Murphy for "valid partnership obligations paid by Murphy" pursuant to the guarantee of a letter of credit issued by Citibank when it issued additional bonds to finance the project. Id. We also remanded for determination by the trial court whether Murphy had "properly expended any other amounts on behalf of the partnership" either under partnership obligations of McCaughey as general partner or under any contractual agreement. Id.

The case returned to the trial court, with the issues for determination clearly narrowed by this court's opinion in *McCaughey*. A jury awarded Murphy $487,500. Murphy then requested that the trial court award prejudgment interest in the amount of $445,965, plus costs and postjudgment interest. The addition of prejudgment interest was opposed by McCaughey, and the trial court denied Murphy's request and entered judgment on the jury's verdict awarding Murphy $487,500. This appeal and cross-appeal ensued.

The facts are set forth in *McCaughey*, and we will not repeat them here. Relevant facts will be cited as needed.

### Case No. A03A0506

1. Murphy contends the trial court erred by failing to award him prejudgment interest. In our earlier opinion we cited OCGA §§ 10-7-1 and 10-7-50 for the principle that contribution may be compelled when several persons guarantee the same principal and one pays more than an equal share. We found that

> based on several agreements, both Murphy and McCaughey were contractually obligated to complete the project and were both bound to provide the funds from sources other than the bonds if necessary. . . . The record clearly indicates Murphy paid substantially more than McCaughey when both were equally bound on the same instruments.

(Citations omitted.) *McCaughey*, supra, 225 Ga. App. at 878.

OCGA § 10-7-50 provides, in pertinent part: "Where several are sureties for the same principal for the same sum of money, either by one or by distinct instruments, and one pays more than an equal

share of the sum, he may compel contribution from his cosureties." The award to Murphy fits this definition perfectly; it was therefore an award of contribution under the statute.

It is clearly an award of contribution under *McCaughey*, as well, which became the law of this case when we remanded the case to the trial court "for a determination by the trial court of the amount of contribution McCaughey owes to Murphy for valid partnership obligations paid by Murphy." Id. at 878 (3). "The 'law of the case' rule, though formally abolished, still applies to rulings by one of our appellate courts in a particular case; such rulings are binding in all subsequent proceedings in the same matter, including a second trial." *Ovrevik v. Ovrevik*, 254 Ga. App. 756, 759 (2) (a) (564 SE2d 8) (2002). "The decision of the appellate court, and any direction awarded, shall be respected and in good faith carried into full effect by the court below. [Cit.]" *Kaplan v. Johnson*, 234 Ga. App. 93, 94 (506 SE2d 391) (1998).

This court held clearly that Murphy was entitled to contribution from McCaughey, with only the *amount* of contribution left for the jury to decide. OCGA § 10-7-51 provides that a "sum recovered as contribution shall bear interest from the time the original obligation was paid by the surety and shall be deemed and held a liquidated demand." Under the statute, as well as under the law of this case, as determined in *McCaughey*, the award to Murphy was a liquidated amount, and prejudgment interest should have been added to the award. We therefore reverse the trial court's ruling denying Murphy's request for prejudgment interest, vacate the judgment, and remand the case to the trial court for the addition of prejudgment interest to the award.

2. After remittitur, McCaughey sought a jury trial, and the trial court granted it over Murphy's objection. Murphy maintains that the trial court erred in allowing McCaughey to have a jury trial when he had previously waived that right. McCaughey prayed for a jury trial in his original answer, but after the auditor was appointed, the parties agreed to have the court hear their exceptions to the auditor's report. Relying upon *City of Atlanta v. McLennan*, 240 Ga. 407 (240 SE2d 881) (1977), Murphy points to this agreement to support his contention that McCaughey waived the right to a jury trial.[2] We do not agree.

In *McLennan*, this court expressly found that the "parties waived their right to a jury trial prior to the first appeal, and consented to trial of the entire case by the trial judge. After the case had

___

[2] Murphy sought to appeal the trial court's decision to allow a jury trial, and the trial court granted a certificate of immediate review, but this court denied Murphy's application for an interlocutory appeal.

been remanded for further proceedings following the appeal, the appellants then sought to withdraw their waiver of [a] jury trial." Id. at 408 (1). Here, in contrast, the record includes no evidence showing that McCaughey waived his right to a jury trial and consented to trial of the entire case by the court alone. It shows only that the parties agreed to have the court hear exceptions to the auditor's report. The record does not include a transcript of the hearing on this issue, and absent a transcript, we must assume that the trial court's ruling was correct. See *Miller v. Grier*, 175 Ga. App. 91, 92 (332 SE2d 323) (1985).

3. Murphy asserts that the trial court exceeded the permissible scope of the issues on remand and permitted McCaughey to relitigate the issue of liability, which was conclusively determined in *McCaughey*, and defenses to liability that were rejected there. He alleges that McCaughey's attorneys were permitted to place in evidence portions of the auditor's report and findings. Murphy argues that extraneous matters, such as his motives in obtaining the letters of credit and whether he had oral or side agreements with McCaughey that cut off McCaughey's liability, were also allowed into evidence over objection, thereby prejudicing the jury.

> When an appellate court vacates a trial court's judgment and remands for findings of fact and conclusions of law on a specific issue, this does not permit the trial court to reopen the case for other purposes. Instead, the scope of the trial court's authority to act on remand is limited to the specific purpose of making the applicable findings and conclusions.

(Citation and punctuation omitted.) *State of Ga. v. Mozley*, 182 Ga. App. 871, 874 (357 SE2d 313) (1987).

Murphy's argument ignores a significant fact: The issue of the amount of contribution he was owed for Citibank obligations also required a determination of whether the amounts he paid on behalf of the partnership were "valid partnership obligations." *McCaughey*, supra, 225 Ga. App. at 878 (3). Murphy's relationship with the bank and any side agreements could shed light on whether his expenditures on behalf of the partnership were "valid." And no matter how slight its probative value, all evidence that throws light on a material issue in the case should be admitted unless its potential for prejudice outweighs its possible probative value. If the evidence is competent for some purpose, its admission is within the trial court's discretion which, if not abused, will not be disturbed. See generally *Byrne v. Fierman*, 256 Ga. App. 443 (1) (568 SE2d 494) (2002). Because this evidence was relevant to whether the obligations in issue were "valid" and this issue was within the scope of the remand, the trial

court did not err. See generally *Steele v. Grot*, 232 Ga. App. 847, 849 (1) (503 SE2d 92) (1998) (possible set-off if one partner made unauthorized charges on partnership credit cards is relevant to amount of contribution due).

4. Murphy complains of four jury charges. He argues that the charges on requirements of a valid oral contract and voluntary payments were not tailored to any relevant issue because liability had already been decided in *McCaughey*, which included a determination that the partners were equally bound to satisfy partnership obligations. But as discussed in Division 3, supra, one issue before the jury was whether Murphy's expenditures were "valid partnership obligations." The jury's decision on this issue could have been influenced by the existence of a valid oral contract or release.

Murphy also challenges the trial court's instruction that a corporation is a distinct legal entity separate from its owners. But Murphy makes no legal argument and cites no authority for his challenge to this instruction. His entire argument is that it was not adjusted to the facts or authorized by the evidence. Because he has given us no suggestion as to why this charge was "inapt and otherwise misleading," we are unable to address this argument. See generally Court of Appeals Rule 27 (c) (2).

Lastly, Murphy claims error in the trial court's refusal to give the second sentence of his requested charge no. 5, which informed the jury that this court had "determined that Murphy paid substantially more than McCaughey when both were equally bound on the same instruments." This was taken verbatim from *McCaughey*. Id. at 878 (3). Such factual instructions are sometimes necessary and permissible. See *Kent v. A. O. White, Jr. &c., P.C.*, 253 Ga. App. 492, 493 (1) (559 SE2d 731) (2002), overruled on other grounds, *Time Warner Entertainment Co. v. Six Flags Over Ga.*, 254 Ga. App. 598, 600-601 (2) (a) (i) (563 SE2d 178) (2002). But here, we agree with McCaughey that it was not necessary for the trial court to inform the jury of the factual statement that Murphy paid more into the project than McCaughey did because it was amply brought out by the evidence and was not disputed. What was in dispute was whether the payments made were necessary to satisfy partnership obligations or were voluntary payments. The trial court did not err in its charge.

*Case No. A03A0507*

5. The sole issue raised by McCaughey in the cross-appeal concerns the $5.4 million liability to Bank of America, which was settled by the "friendly foreclosure" of the first mortgage, payment by Murphy to the bank of $100,000, and delivery of Murphy's promissory note for $1 million, with the security for the note being assignment of

one-half the proceeds of this lawsuit against McCaughey. McCaughey argues that because the bank had previously released him from any obligation owed to it other than partnership assets, the trial court should have cut the judgment in half as a set-off. He argues that otherwise Bank of America would be accomplishing indirectly what it could not accomplish directly. We do not agree for several reasons.

First, of course, we recognize the well-established principle that "[a] party cannot do indirectly what the law does not allow to be done directly. [Cit.]" *Kingsmill Village Condo. Assn. v. Homebanc Fed. Sav. Bank*, 204 Ga. App. 900, 902 (2) (a) (420 SE2d 771) (1992). But this suit addresses only agreements and obligations between Murphy and McCaughey, and McCaughey has no standing to challenge any agreement between Murphy and the bank, because he was not a party to it. Any agreement Murphy had with the bank or any third party is beyond the scope of this lawsuit. It is undisputed that Murphy satisfied the partnership's obligation to Bank of America. For that, if the obligation was valid, McCaughey owes him contribution. If the amount owed by either partner to the bank must be litigated, it must be the subject of a different lawsuit.

Second, McCaughey's reliance on *Powell v. Davis*, 60 Ga. 70, 73 (1878), is misplaced. "*Powell* . . . stands for the proposition that where an agreement is in fact an absolute release, the intent of the parties, when contrary to the terms of a plain and unambiguous release, will not be given effect." *Revis v. Forsyth County Hosp. Auth.*, 170 Ga. App. 366, 369 (317 SE2d 237) (1984). But here, as in *Revis*, "we find *Powell* distinguishable from the instant case." Id. Murphy agreed to the bank's release of McCaughey. Murphy also agreed to become sole guarantor as the new general partner when the bank extended its original letter of credit. *McCaughey*, supra, 225 Ga. App. at 876. At the time of Murphy's release from that obligation, McCaughey was therefore no longer an obligor on the Bank of America obligation. But these were still partnership obligations, and McCaughey's release by Bank of America did not release him from liability to *Murphy* for valid partnership obligations previously incurred, whether to Bank of America or to others. The trial court did not err in refusing to reduce the judgment. This enumeration is without merit.

*Judgment vacated and case remanded in Case No. A03A0506. Judgment affirmed in Case No. A03A0507. Ruffin, P. J., and Miller, J., concur.*

DECIDED JUNE 27, 2003 —
RECONSIDERATION DENIED JULY 30, 2003 — 

*Fulcher, Hagler, Reed, Hanks & Harper, Michael B. Hagler,
James W. Purcell, Michael N. Loebl*, for appellant.

*Hull, Towill, Norman, Barrett & Salley, David E. Hudson*, for
appellee.